27655. RUTLAND v. DEAN.

DECIDED NOVEMBER 8, 1939.

*Hallie B. Bell, W. A. McClellan Jr., E. L. Jackson,* for plaintiff in error.

*Thomas A. Jacobs Jr.,* contra.

GUERRY, J. 1. Where in an action in tort the allegations of negligence were that an automobile was being driven on a city street in excess of forty-five miles an hour, in violation of a city ordinance limiting speed to twenty-five miles per hour, and in conscious indifference to the safety of the plaintiff and others using the street; and upon the trial there was evidence that the defendant's cab was going forty to forty-five miles per hour at the time of the collision, passing other cars, and approaching an intersection, the allegations and the evidence required the charge of the court upon gross negligence and the right of recovery by the plaintiff of exemplary damages against the defendant. The jury were authorized, in awarding property damage, also to find that the defendant was acting with entire lack of care and indifference to consequences, and to award punitive damages. "Recovery of punitive damages may be authorized where the circumstances of the tort are such as to evince an entire want of care and indifference to consequences. Wilful and intentional misconduct is not essential." *Battle* v. *Kilcrease,* 54 *Ga. App.* 808 (3, 4) (189 S. E. 573).

2. In the absence of prejudice or bias on the part of the jury (and it is not contended that either existed), the verdict of $65 and costs will not be held excessive under the evidence. *Southern Railway Co.* v. *Wright,* 6 *Ga. App.* 172 (64 S. E. 703).

3. This was an action in tort in the municipal court of Macon, alleging gross negligence in a collision of automobiles, and praying for recovery of property and punitive damages. The verdict was

authorized by the evidence. The judge of the superior court, on petition for certiorari, did not err (all other assignments of error being abandoned by the plaintiff in error), for the reasons herein considered, in refusing to sanction the petition.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*