## 60519. CLAUSSEN PAVING COMPANY v. CIBAK et al.

BANKE, Judge.

The plaintiff-appellee obtained a judgment for actual and punitive damages in a suit for trespass. The evidence shows that defendant-appellant had a mining operation at an elevation superior to that of appellant's house and lot. The evidence, though somewhat in dispute, is sufficient to support the jury's finding that appellant's failure to control his excess surface water constituted a trespass. A permanent injunction was also sought and awarded in the action. No issue regarding this judgment is raised on appeal. However, appellant contends that the jury's award of punitive damages is unsupported by the evidence.

Prior to the beginning of the mining operation, there had been no water problem. When the surface of the defendant's property was removed, the surface water on the defendant's property was diverted from its natural flow to an unnatural flow into a sedimentation pond and then onto the property of the plaintiff. A dam was required to be built as a result of the directions of the Georgia Mining Authority. Thereafter a trench was cut into the dam, and the plaintiff's property was allowed to be damaged. A pipe was then installed in the dam channeling the water onto plaintiff's property. There was testimony that the defendant intentionally cut a trench through the dam which contributed to the flow onto plaintiff's land. There was also evidence that the defendant had been informed for two years about the damage and did nothing about it.

The defendant offered evidence that it made every effort to remedy the problem and disputed plaintiff's evidence as to its efforts to correct the problem. *Held:*

1. "To authorize the imposition of punitive or exemplary damages there must be evidence of wilful misconduct, malice, fraud, wantonness, or oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences." *Southern R. Co. v. O'Bryan,* 119 Ga. 147 (1) (45 SE 1000) (1903); *Gunter v. Logue,* 138 Ga. App. 868 (2) (227 SE2d 773) (1976). "The latter expression relates to an intentional disregard of the rights of another, knowingly or wilfully disregarding such rights." *Gilman Paper Co. v. James,* 235 Ga. 348, 351 (219 SE2d 447) (1975). We conclude that there was sufficient evidence to support the jury's award of punitive damages. See *Ponce de Leon Condominiums v. DiGirolamo,* 238 Ga. 188 (232 SE2d 62) (1977). This enumeration of error is without merit.

2. The appellant also enumerates as error the failure of the trial court to direct a verdict at the close of the evidence as to actual

damages. The evidence in this regard included the testimony of the appellee as to damage to his house and the cost of repairs. There was also the testimony of an engineer called by appellee on this issue. This enumeration of error is without merit.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

ARGUED SEPTEMBER 4, 1980 — DECIDED OCTOBER 24, 1980 — REHEARING DENIED NOVEMBER 12, 1980 —

*William C. Calhoun,* for appellant.
*Jack L. Cooper, C. B. Thurmond, Jr.,* for appellees.