### 42251. MOORE v. THOMPSON.
(336 SE2d 749)

PER CURIAM.

We granted certiorari to determine whether, in a civil action for damages arising out of the use of an automobile in which the cause of the injuries is alleged to be driving while intoxicated, evidence is admissible on the issue of punitive damages that the defendant had pled guilty to driving while intoxicated twice before, and twice after, the injuries in issue. *Thompson v. Moore,* 174 Ga. App. 331 (329 SE2d 914) (1985). The Court of Appeals held that evidence of the guilty pleas as to incidents prior to, but not after, the injuries in issue was admissible on the question of punitive damages. *Thompson,* supra.

Thompson suffered personal injuries when Moore's car crossed the road and struck Thompson while he was jogging. Moore pled

guilty to driving under the influence of alcohol. Thompson then sued Moore. At trial the court admitted evidence of the defendant's four guilty pleas but later declared a mistrial because of the prejudicial impact of such evidence. On interlocutory appeal the Court of Appeals found that the trial court had erred in granting the mistrial insofar as the first two of the defendant's guilty pleas were concerned. Two judges of that court would allow evidence as to the subsequent guilty pleas as well. *Thompson*, supra.

At the outset it should be noted that we are dealing here with the admission of evidence on the issue of punitive damages. Hence, nothing said herein relates to the admissibility of evidence on the issue of liability, to impeach a witness, or as to any other matter.[1]

Our Code, OCGA § 51-12-5, provides: "In a tort action in which there are aggravating circumstances, in either the act or the intention, the jury may give additional damages to deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings of the plaintiff."

In *Southern R. Co. v. O'Bryan*, 119 Ga. 147 (1) (45 SE 1000) (1903), the court held: "To authorize the imposition of punitive or exemplary damages there must be evidence of wilful misconduct, malice, fraud, wantonness, or oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences."

Evidence that the defendant's driving under the influence of alcohol caused the plaintiff's injuries is evidence of wilful misconduct, wantonness, and that entire want of care which raises the presumption of conscious indifference to the consequences. Therefore, driving under the influence of alcohol so as to cause personal injuries to another is an aggravating circumstance in the act which would authorize the jury to give punitive damages to deter the wrongdoer from repeating the act.

The extent of the defendant's wilful misconduct, wantonness and entire want of care in driving under the influence cannot be gauged solely by focusing on the incident in issue. For the reasons stated by the Court of Appeals we find that evidence of pleas of guilty to prior offenses of driving under the influence of alcohol is admissible, *Thompson v. Moore*, supra. For the reasons stated by Judge Beasley in her concurring opinion, we find that evidence of pleas of guilty to subsequent DUI offenses is also admissible. *Thompson*, supra.

We therefore hold that evidence of the defendant's guilty pleas to driving under the influence before and after the incident in issue is

---

[1] Regarding the admissibility of other transactions and occurrences on the issue of liability, see *Wright v. Dilbeck*, 122 Ga. App. 214 (4) (176 SE2d 715) (1970); OCGA § 24-2-2.

admissible on the question of punitive damages. Like the Court of Appeals, we find that the facts that such prior and subsequent incidents did not result in personal injuries is immaterial to the issue of defendant's wilful misconduct, etc., except to the extent the defendant may wish to rely thereon in mitigation of punitive damages.

However, because of the likelihood that the defendant's guilty pleas as to prior and subsequent offenses may prejudice him as to the issue of liability in the case at hand, we hold that the trial judge should exercise his discretion under OCGA § 9-11-42 (b)[2] to try the issue of punitive damages separately in a bifurcated procedure or in a separate trial. *Cline v. Kehs*, 146 Ga. App. 350 (246 SE2d 329) (1978); *Sollek v. Laseter*, 124 Ga. App. 131 (183 SE2d 86) (1971.)

*Judgment affirmed in part and reversed in part. All the Justices concur, except Marshall, P. J., Clarke and Smith, JJ., who dissent.*

SMITH, Justice, dissenting.

Courts allow juries to award damages to plaintiffs for a number of reasons. First, juries award damages to plaintiffs to compensate them for harm caused by the defendant. In other situations, such as Federal Rule 23 (b) (3) class actions, juries award damages for widespread low-level harm to compensate injured plaintiffs, and, primarily, to deter wrongdoers from attempting to profit from activities that harm a large number of people in such a small way that no individual harmed can afford to bring a lawsuit. OCGA § 51-12-6 provides an example of a law enabling juries to compensate plaintiffs for their wounded feelings. Finally, as seen in OCGA § 51-12-5, tort law often allows juries to award punitive, or exemplary, damages to a plaintiff to punish a defendant and to deter him from future wrongdoing. Exemplary damages, unlike the other types of damages, bear no relation to the actual harm that the defendant's conduct has inflicted upon the plaintiff.

We should not apply punitive damages where the law provides other measures by which society may punish wrongdoers. The legislature provides for uniform punishment of criminal behavior, and in doing so, it speaks for the general public. Each award of punitive damages, on the other hand, constitutes an individual determination of appropriate punishment which speaks for the conscience of a group of twelve almost randomly selected citizens, and which may vary wildly from other awards in similar factual situations.

Where, as here, the requested damages do not relate to the plain-

---

[2] "Separate trials. The court, in furtherance of convenience or to avoid prejudice, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues."

tiff's injury, and the legislature, in enacting a criminal statute, has provided a deterrent to the defendant's conduct, we should not place the bludgeon of punitive damages in the hands of a jury.

I am authorized to state that Presiding Justice Marshall and Justice Clarke join in this dissent.

DECIDED NOVEMBER 27, 1985.

*Murray & Temple, William D. Temple, William D. Strickland,* for appellant.

*James E. Butler, Jr., Robert D. Cheeley,* for appellee.

*Alton D. Kitchings, Manley F. Brown, Charles R. Adams III,* amicus curiae.