72002. HARRISON v. S & B TRUCKING, INC. et al.
(346 SE2d 101)

McMURRAY, Presiding Judge.

This is an action for damages arising from a motor vehicle collision. Plaintiff's complaint alleges that his vehicle was traveling on an interstate highway when it was struck from the rear by a vehicle operated negligently by defendant Smith. At the time of the collision defendant Smith was allegedly acting within the scope of his employment as an employee and agent of defendant S & B Trucking, Inc.

The complaint also states a claim against defendant Miller's National Insurance Company, an alleged insurer of defendant S & B Trucking, Inc. Plaintiff alleges that this insurer was guilty of bad faith in failing to negotiate the settlement of property damage in the case sub judice and committed an intentional tort by failing to adjust plaintiff's claim against the other defendants.

Plaintiff's complaint seeks damages for property damage, loss of business profit, the cost of renting equipment to replace that damaged in the collision, punitive damages, and court costs. This appeal is from the grant of defendants' motion for partial summary judgment as to those allegations seeking punitive damages. *Held*:

1. Defendant Smith's affidavit, presented in support of the motion for summary judgment, states that he was traveling on the interstate in a tractor trailer owned by defendant S & B Trucking, Inc.; it was a foggy night and visibility was difficult; he was driving within the speed limit, when suddenly and without warning he came upon plaintiff's vehicle; was unable to avoid a collision; and he did not know plaintiff or his driver prior to the collision and did not intend to injure plaintiff's driver or property.

In opposition to defendants' motion, plaintiff submitted the affidavit of the driver of his vehicle. The driver stated that the evening was clear, not foggy; that the vehicle owned by defendant S & B Trucking, Inc. and operated by defendant Smith suddenly ap-

proached from the rear at a speed in excess of the speed limit; that there was sufficient clear space on either side of his (plaintiff's) vehicle for a vehicle to pass without injury and thus avoid a collision.

Plaintiff contends that the language of his driver's affidavit submitted in opposition to defendants' motion for partial summary judgment is indistinguishable from the allegation in *American Fidelity &c. Co. v. Farmer*, 77 Ga. App. 166 (48 SE2d 122) and, under Division 3 of that decision, sufficient to authorize a judgment for punitive damages. " '(O)rdinarily the question of imposition of punitive damages is for the jury. However, the controlling question . . . is whether there was any evidence to support (such an award). . . . Absent wilful misconduct, malice, fraud, wantonness or oppression, there can be no recovery of punitive damages.' *Moon v. Ga. Power Co.*, 127 Ga. App. 524, 527 (194 SE2d 348) (1972)." *Alliance Transp. v. Mayer*, 165 Ga. App. 344, 345 (301 SE2d 290). See also *Claussen Paving Co. v. Cibak*, 156 Ga. App. 393 (1) (274 SE2d 652).

In response, defendants correctly point out that a portion of the decision in *American Fidelity &c. Co. v. Farmer*, 77 Ga. App. 166 (3), supra, upon which plaintiff relies and which deals with the sufficiency of the allegations is clearly dicta. However, dicta may be persuasive, and is in this instance, particularly when considered together with the decision in *Rutland v. Dean*, 60 Ga. App. 896 (1) (5 SE2d 601) cited therein. A jury may find that evidence of illegal and excessive vehicle speeds, in conjunction with the other facts of the case sub judice, provides proof of an entire want of care and indifference to consequences authorizing punitive damages. *Rutland v. Dean*, 60 Ga. App. 896 (1), supra. The trial court erred in granting partial summary judgment as to punitive damages in favor of defendant Smith and defendant S & B Trucking, Inc.

2. We find no error in the superior court's grant of partial summary judgment against plaintiff on the issue of whether punitive damages may be sought by plaintiff against defendant Miller's National Insurance Company for failure to negotiate a settlement in good faith. Pretermitting any issue as to the nature of any duties owned by this defendant to plaintiff (see *Farley v. Continental Ins. Co.*, 150 Ga. App. 389 (258 SE2d 8)), we address the evidence which shows a reasonable defense to plaintiff's claim. The dispute as to the circumstances under which the collision occurred in the case sub judice provides reasonable grounds of defense. *Fortson v. Cotton States Mut. Ins. Co.*, 168 Ga. App. 155, 157 (308 SE2d 382).

We note that the superior court's partial grant of summary judgment against plaintiff as to punitive damages will not preclude holding defendant Miller's National Insurance Company liable for any sum awarded plaintiff as punitive damages on its claim against the other defendants. Such a claim would be predicated upon (and lim-

ited by the terms of) the insurance contract, between defendant Miller's National Insurance Company and defendant S & B Trucking, Inc., rather than upon the tort theory of the separate claim against the insurer.

*Judgment reversed in part and affirmed in part. Carley and Pope, JJ., concur.*

DECIDED JUNE 5, 1986.

G. *Gerald Kunes, Walton Hardin*, for appellant.
J. *Arthur Davison, Wilbur A. Orr*, for appellees.