73654. CURRIE et al. v. HANEY.
(359 SE2d 350)

CARLEY, Judge.

Appellant-plaintiffs Mr. and Mrs. Currie brought suit for damages arising out of a collision between an automobile driven by Mrs. Currie and an automobile driven by appellee-defendant. Mrs. Currie sought to recover for personal injuries suffered in the collision. Mr. Currie sought to recover for loss of consortium. In addition, both appellants sought punitive damages, based upon general allegations that the collision was the result of appellee's "wanton and wilful" conduct. Appellee's motion for partial summary judgment as to appellants' claim for punitive damages was granted. Appellants appeal.

OCGA § 51-12-5 permits a jury to award punitive damages where "there are aggravating circumstances, in either the act or the intention. . . ." "[S]uch damages 'cannot be imposed in any case unless there is wilful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences. [Cit.]' [Cit.]" *Rossville Apts. v. Britton*, 178 Ga. App. 194 (1) (342 SE2d 504) (1986). " 'Mere negligence, although gross, will not alone authorize the recovery of punitive damages.' [Cits.]" *Alliance Transp. v. Mayer*, 165 Ga. App. 344, 345 (301 SE2d 290) (1983). Appellee testified that the collision had occurred so quickly he did not know exactly how it had happened. Mrs. Currie herself testified to having no recollection of the collision. There was evidence that the collision occurred on Mrs. Currie's side of the road and that appellee was guilty of driving on the wrong side of the road. However, the fact that appellee's car may have crossed the centerline and struck Mrs. Currie's vehicle would not, in the absence of aggravating circumstances, authorize appellants to recover punitive damages. Compare *Moore v. Thompson*, 255 Ga. 236, 237

(336 SE2d 749) (1985), wherein the Supreme Court held that "[e]vidence that the defendant's driving under the influence of alcohol caused the plaintiff's injuries is evidence of wilful misconduct, wantonness, and that entire want of care which raises the presumption of conscious indifference to the consequences."

Appellee filed interrogatories, requesting that appellants give "each and every fact" upon which they relied in support of their general allegations that his "wilful and wanton" conduct authorized a recovery of punitive damages. Appellants responded that they were relying upon the fact that appellee was physically unable to drive an automobile and had continued to drive notwithstanding his limitations. Appellee, in support of his motion for summary judgment, submitted his own affidavit, as well as that of a physician, both of which were to the effect that, at the time of the collision, he was physically capable of driving safely and without restriction. In opposition, appellants submitted only the affidavit of a witness who stated that, on one prior occasion, he had seen appellee drive dangerously and recklessly as to speed and following too closely but without injurious result. This affidavit was evidently offered to show that appellee had a habit of driving recklessly. Evidence that one drove recklessly on a prior occasion would not, however, tend to prove that he habitually does so. *East Tenn. &c. R. Co. v. Kane*, 92 Ga. 187, 191-192 (18 SE 18) (1893); *Roebuck v. Payne*, 109 Ga. App. 525, 527 (3) (b) (136 SE2d 399) (1964). Moreover, speed and following too closely were not proximately involved in the collision at issue. Compare *Moore v. Thompson*, supra.

" 'When the [defendant-] movant for summary judgment presents evidence apparently destroying the plaintiff's cause of action, the movant has met his burden, and the burden then shifts to the plaintiff to present any alternative theories, if such exist, which would support his action and within which genuine issues of fact remain.' [Cits.]" *State Farm Fire &c. Co. v. Southern Bell Tel. &c. Co.*, 150 Ga. App. 622, 624 (3) (258 SE2d 198) (1979), reversed on other grounds 245 Ga. 5 (262 SE2d 895) (1980). "Once the movant for summary judgment has established a prima facie case, the respondent must come forth with *specific facts* showing that there is a genuine issue for trial. [Cit.]" (Emphasis in original.) *Griffin v. Ga.-Pacific Co.*, 177 Ga. App. 852, 855 (4) (341 SE2d 499) (1986). Appellants failed to produce specific facts which would rebut appellee's evidence of the lack of aggravating circumstances. The trial court therefore correctly granted appellee partial summary judgment on the issue of punitive damages.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED JUNE 8, 1987 —
REHEARING DENIED JULY 2, 1987 —

*Wilson R. Smith*, for appellants.
*Marc T. Treadwell*, for appellee.