### A91A0668. DAY v. BURNETT.
(405 SE2d 316)

BEASLEY, Judge.

Plaintiff Day appeals the trial court's dismissal of her personal property damage suit against defendant Burnett on the basis that it was outside the four-year statute of limitation, see OCGA § 9-3-31, as well as the court's grant of defendant's motion to strike the prayer for punitive damages.

The parties were involved in an automobile collision on December 5, 1984. Day filed a personal injury action against Burnett but that action was subsequently dismissed on the basis that Day failed to exercise due diligence in attempting to perfect timely service on Burnett. See *Day v. Burnett*, 189 Ga. App. 905 (377 SE2d 734) (1989). Day filed the present action on December 5, 1988, seeking property damage to her automobile and punitive damages. Burnett was served

on December 12.

In dismissing the personalty action, the trial court expressly found that the pleadings and record disclosed that the complaint was filed four years and one day after the cause of action accrued. It further determined that service of process did not occur until seven days following filing of the complaint and that plaintiff Day had raised no issue which would toll the running of the statute of limitation nor had there been any showing of diligence regarding service of process.

1. Appellant Day contends that the trial court erred in computing both the day on which the statute of limitation ran and the last day on which service could have been perfected in a timely fashion.

OCGA §§ 1-3-1 (D) (3) and 9-11-4 (c) control.

Filing of the Complaint. OCGA § 1-3-1 (D) (3) as amended, effective July 1, 1985, applies to this case. See *Hollingsworth v. Hubbard*, 184 Ga. App. 121 (361 SE2d 12) (1987). It states in pertinent part: "Computation of Time. Except as otherwise provided by time period computations specifically applying to other laws, when a period of time measured in days, weeks, months, years, or other measurements of time except hours is prescribed for the exercise of any privilege or the discharge of any duty, the first day shall not be counted but the last day shall be counted; and, if the last day falls on Saturday or Sunday, the party having such privilege or duty shall have through the following Monday to exercise the privilege or to discharge the duty. . . . When the period of time prescribed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."

Applying the statute as amended, the complaint was timely filed on Monday, the fourth anniversary of the collision giving rise to the litigation. See *Hollingsworth*, supra; OCGA § 9-3-31.

Service of the Complaint. " 'A civil action is commenced by filing a complaint with the court.' OCGA § 9-11-3. 'The statute of limitation is tolled by the commencement of a civil action at law.' OCGA § 9-11-4 (c) . . . requires that service of a complaint shall be made within five days of the filing of the complaint. . . .'' *Land v. Casteel*, 195 Ga. App. 455, 456 (393 SE2d 710) (1990). If service is within the five days, even though the statute of limitation runs between the date of filing suit and the date of service, the service will relate back to the time of filing so as to avoid the limitation. See *Childs v. Catlin*, 134 Ga. App. 778, 781 (216 SE2d 360) (1975). No question arises as to a plaintiff's reasonable diligence in perfecting service of process unless service is made outside the five-day grace period. See *Land*, supra.

Service on December 12, exactly one week after suit was filed, was within the prescribed five-day period, albeit after the statute of limitation would have run. Service related back and was timely, obviating any inquiry into plaintiff's diligence.

The suit was not time-barred.

2. Appellant also contends that the court erred in striking her prayer for punitive damages.

The basis of defendant's "motion to strike"[1] or alternatively for judgment on the pleadings was her assertion that the complaint failed to allege wilful or wanton negligence so as to authorize punitive damages.

The complaint alleged that defendant was negligent because, for one thing, she was driving under the influence of alcohol. Evidence that such driving caused a plaintiff's injuries is evidence of wilful misconduct or wantonness authorizing imposition of punitive damages. See *Moore v. Thompson*, 255 Ga. 236 (336 SE2d 749) (1985). Plaintiff also alleged that defendant was negligent in following too closely and traveling too fast for conditions and in failing to maintain a proper lookout for other traffic. Evidence of such traffic violations, including illegal and excessive vehicle speed, would likewise be sufficient to allow a jury to award punitive damages. See *Harrison v. S & B Trucking*, 179 Ga. App. 291, 292 (1) (346 SE2d 101) (1986).

The complaint clearly alleged conduct amounting to more than mere negligence and such as would, if proved by plaintiff, permit punitive damages. The prayer for them was erroneously stricken.

*Judgment reversed. Banke, P. J., and Carley, J., concur.*

DECIDED APRIL 1, 1991.

*Charles E. Muskett*, for appellant.
*Beck, Owen & Murray, William M. Dallas III, Albert B. Wallace*, for appellee.

---

[1] The essence of the motion was not one to strike, see OCGA § 9-11-12 (f), but rather one for judgment on the pleadings, see OCGA § 9-11-12 (c).