A91A1082. CULLEN v. NOVAK.
(411 SE2d 331)

ANDREWS, Judge.

Novak sued Cullen for injuries from an automobile collision. The case was tried by a jury and a verdict for $190,000 in general damages and $10,000 in punitive damages was returned against Cullen, from which he now appeals.

1. Cullen claims that the trial court abused its discretion by denying his motion for new trial in that the verdict was excessive and was the product of a biased jury. Specifically, Cullen argues that an improper question during Novak's cross-examination of him and a statement in Novak's closing argument prejudiced the jury against him, despite the fact that his objections to both were sustained. Pretermitting the question of whether the error was properly preserved for appeal, see *Seaboard C. L. R. Co. v. Wallace*, 227 Ga. 363, 364 (4) (180 SE2d 743) (1971); *Averette v. Oliver*, 128 Ga. App. 54, 55 (195 SE2d 925) (1973), we find no abuse of discretion in the trial court's denial of Cullen's motion for new trial. OCGA § 5-5-25; see also *Medoc Corp. v. Keel*, 166 Ga. App. 615 (3) (305 SE2d 134) (1983). The verdict was supported by the evidence, was not excessive, and no prejudice, bias or corrupt means in reaching the verdict ap-

pears. OCGA §§ 5-5-20; 5-5-21; *West Ga. Pulpwood &c. Co. v. Stephens*, 128 Ga. App. 864 (198 SE2d 420) (1973).

2. In a separate enumeration of error, Cullen contends that the trial court improperly charged the jury on punitive damages since there was no evidence of intentionality, aggravating circumstances, wilful misconduct, malice or wantonness, to justify this charge. Viewed in favor of the verdict, there was evidence from which a jury could have concluded that Cullen carelessly ran a red light and caused the collision with Novak.

There was, however, no evidence of such an entire want of care and conscious indifference to the consequences sufficient to authorize an award of punitive damages. See generally OCGA § 51-12-5; *Currie v. Haney*, 183 Ga. App. 506 (359 SE2d 350) (1987). To authorize punitive damages under Georgia law, there must be evidence of "wilful misconduct, malice, fraud, wantonness, or oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences." *Colonial Pipeline Co. v. Brown*, 258 Ga. 115, 118 (365 SE2d 827) (1988). "Negligence, even gross negligence, is inadequate to support a punitive damage award." *Colonial Pipeline*, supra at 118; *Associated Health Systems v. Jones*, 185 Ga. App. 798, 802 (366 SE2d 147) (1988). " 'Something more than the mere commission of a tort is always required for punitive damages. There must be circumstances of aggravation or outrage, such as spite or "malice," or a fraudulent or evil motive on the part of the defendant, or such a conscious and deliberate disregard of the interests of others that the conduct may be called wilful or wanton.' " *Colonial Pipeline*, supra at 121.

After a thorough review of the record, we find no evidence to support Novak's argument that Cullen deliberately and consciously ran the red light. Construing the evidence most favorably for Novak, it shows, at most, the negligent commission of a tort. See *Gaither v. Barclaysamerican/Financial of Ga.*, 194 Ga. App. 188, 189 (390 SE2d 97) (1990). Accordingly, the trial court erred by charging the jury on punitive damages and the award of punitives was improper. Nevertheless, we find no evidence that the verdict was otherwise tainted and the judgment is affirmed on the condition that the plaintiff in error write off from said judgment the sum of the $10,000 awarded as punitive damages within ten days from the date the remittitur of this court is made the judgment of the trial court; otherwise it is reversed in its entirety. See *Co-op Cab Co. v. Arnold*, 106 Ga. App. 160 (126 SE2d 689) (1962).

*Judgment affirmed with direction. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 27, 1991 —
RECONSIDERATION DENIED OCTOBER 10, 1991 — 

*Chambers, Mabry, McClelland & Brooks, Genevieve L. Frazier,* for appellant.

*Hill & Bleiberg, Robert P. Bleiberg,* for appellee.