A91A2105. VIAU v. FRED DEAN, INC. et al.
A91A2106. DEAN et al. v. VIAU.
A91A2223. DEAN et al. v. WARREN.
A91A2235. DEAN et al. v. VIAU.
A91A2239. DEAN et al. v. PES.
A91A2248. PES v. DEAN et al.
A91A2249. DEAN et al. v. PES.
(418 SE2d 604)

CARLEY, Presiding Judge.

Fred Dean is the majority shareholder and president of Fred Dean, Inc. (FDI). While driving a vehicle belonging to FDI, Dean was involved in a collision with two other vehicles. The collision occurred at 2:00 a.m. and tests indicated that Dean's blood-alcohol level was 0.168. Seeking to recover for injuries sustained in the collision, Brenda Warren, Kathleen Viau and Montica Pes brought suit against Dean and FDI. Dean and FDI answered and, after discovery, they filed motions for partial summary judgment addressing the viability of certain theories of recovery and the recoverability of punitive damages. The trial court's rulings on these motions resulted in the filing of the instant seven separate appeals, which are hereby consolidated for appellate disposition in this single opinion.

*Case Nos. A91A2105 and A91A2248*

1. FDI's liability was premised, in part, upon OCGA § 51-1-40 (b). That statute provides that one who "knowingly sells, furnishes, or serves alcoholic beverages to a person who is in a state of noticeable intoxication, knowing that such person will soon be driving a motor vehicle, may become liable for injury or damage caused by or resulting from the intoxication of such . . . person when the sale, furnishing, or serving is the proximate cause of such injury or damage." OCGA § 51-1-40 (b). The trial court granted summary judgment in favor of FDI as to its liability under this statute and, in these cases, Viau and Pes appeal from that ruling.

It is urged that a genuine issue of material fact remains as to FDI's liability under OCGA § 51-1-40 (b) because, some six or seven hours before the collision, Dean had consumed alcohol on the business premises of FDI. The evidence does show that, between 6:30 p.m. and 8:00 p.m., Dean shared food and alcohol with three other FDI employees while on FDI's business premises. However, this occurred after business hours and it was not in connection with any planned employment-related social event for which FDI purchased the food and alcohol. The food and alcohol were provided entirely by the other FDI employees. Under this evidence, it is clear that FDI neither sold nor served alcohol to Dean.

The evidence might authorize a finding that FDI, through Dean's acquiescence and participation, furnished the premises upon which Dean consumed alcohol. However, OCGA § 51-1-40 (b) does not impose liability upon one who merely furnishes the premises upon which alcohol is consumed. It imposes liability only upon one who furnishes the alcohol itself. " 'Furnish' is to 'provide for use; to supply.' A 'furnisher' is 'one who furnishes or provides supplies of any kind.' [Cit.] A 'furnisher' is 'one who supplies or fits out.' [Cit.] To furnish or supply necessarily carries with it the idea of ownership, property in, or dominion over the thing furnished by the one who furnishes." *Southern Express Co. v. State*, 107 Ga. 670, 673-674 (33 SE 637) (1899). The uncontroverted evidence of record demonstrates that FDI did not furnish any alcohol to Dean. Compare *Whelchel v. Laing Properties*, 190 Ga. App. 182, 183 (1) (378 SE2d 478) (1989); *Southern Express Co. v. State*, 1 Ga. App. 700 (3) (58 SE 67) (1907). The alcohol was furnished to Dean by the FDI employees who shared their alcohol with him. It follows that the trial court correctly granted summary judgment in favor of FDI as to any liability pursuant to OCGA § 51-1-40 (b).

*Case Nos. A91A2106, A91A2223, A91A2235, A91A2239 and A91A2249*

2. FDI's liability was also premised, in part, upon respondeat superior. FDI appeals from the denial of its motion for summary judgment as to this theory of its liability.

" ' "Where a vehicle is involved in a collision, and it is shown that the automobile is owned by a person, and that the operator of the vehicle is in the employment of that person, a presumption arises that the employee was in the scope of his employment at the time of the collision, and the burden is then on the defendant employer to show otherwise." . . .' [Cit.] ' "(T)he presumption that the servant is serving his master within the scope of his employment may, unless supported and corroborated by other evidence, be overcome by uncontradicted evidence." (Cit.)' [Cit.]" *Curtis, Inc. v. Kelley*, 167 Ga. App. 118, 119 (305 SE2d 828) (1983). See also *Divecchio v. Mead Corp.*, 184 Ga. App. 447, 448 (2) (361 SE2d 850) (1987).

The uncontroverted evidence shows that Dean left FDI's business premises no later than 11:00 p.m. and returned at 2:00 a.m. only to lock up. After doing so, he left for home, intending to stop and get something to eat on the way. Shortly after leaving FDI's business premises, however, the collision occurred. On this evidence, the presumption that Dean was in the scope of his employment at the time of the collision has been overcome. " ' " 'As a general rule, a servant in going to and from his work[, even in a company car,] acts only for his

own purposes and not for those of his employer, and consequently the employer is not to be held liable for an injury occasioned while the servant is en route to or from his work. (Cits.)' " ' [Cit.]" *Healthdyne, Inc. v. Odom*, 173 Ga. App. 184 (1) (325 SE2d 847) (1984). At the time of the collision, Dean had completed any tasks within "the scope of his employment and [was] not in the prosecution of [FDI's] business but on a purely personal venture. The additional [fact] that he kept the vehicle 24 hours a day . . . [is] at most [an] inconclusive [inference] which did not contradict the direct evidence. . . ." *Melton v. Gilleland & Sons, Inc.*, 176 Ga. App. 390, 391 (2) (336 SE2d 315) (1985).

It follows that the trial court erred in denying FDI's motion for summary judgment as to its vicarious liability for Dean's alleged negligence. *Coffee Chrysler-Plymouth-Dodge v. Nasworthy*, 198 Ga. App. 757, 758 (403 SE2d 453) (1991); *Fred A. York, Inc. v. Moss*, 176 Ga. App. 350 (335 SE2d 618) (1985); *Curtis, Inc. v. Kelley*, supra.

3. FDI appeals the denial of its motion for summary judgment as to its liability under a negligent entrustment theory.

" 'Under the doctrine of negligent entrustment, a party is liable if he entrusts someone with an instrumentality, with *actual* knowledge that the person to whom he has entrusted the instrumentality is incompetent by reason of his age or inexperience, or his physical or mental condition, or his known habit of recklessness. (Cits.)' [Cit.]" (Emphasis in original.) *Worthen v. Whitehead*, 196 Ga. App. 678 (396 SE2d 595) (1990). Thus, liability under this theory, is premised upon *both* the exercise of the power to entrust an instrumentality *and* actual knowledge of the incompetency of the one to whom the instrumentality is entrusted. Mere exercise of the power to entrust an instrumentality without the actual knowledge of incompetency or mere possession of the requisite actual knowledge without the requisite power to entrust will not support a finding of liability under this theory.

There is evidence that Dean's wife, who held a corporate position in FDI, had actual knowledge of Dean's alleged incompetency to be entrusted with a vehicle. However, the vehicle that Dean was operating at the time of the collision did not belong to his wife. It was owned by FDI. Under the undisputed evidence of record, the *only* officer or agent of FDI who had *both* the actual knowledge of Dean's alleged incompetency *and* the power to entrust or withhold use of the FDI vehicle was Dean himself. A corporation can act only through its officers and agents. Dean's actual knowledge of his own alleged incompetency cannot be imputed to FDI. His "private interest in driving an automobile outweighed his duty as a representative of the corporation to ensure that an incompetent driver did not operate the corporation's automobile." *Keenan v. Hill*, 190 Ga. App. 108, 111 (5)

(378 SE2d 344) (1989). Assuming, without deciding, that the actual knowledge of Dean's wife could be imputed to FDI, she nevertheless had no "right to permit and prohibit [his] use of [FDI's] truck. . . ." *Jones v. Cloud*, 119 Ga. App. 697, 702 (1b) (168 SE2d 598) (1969). "A corporation is bound by knowledge of an officer or agent when the knowledge pertains to matters within the scope of the officer's or agent's duties." *Keenan v. Hill*, supra at 111 (5). Control over FDI's vehicle was not a matter which was within the scope of Dean's wife's duties to FDI.

Since it is undisputed that Dean was not entrusted with the vehicle by an officer or agent of FDI whose actual knowledge of his incompetency was imputable to FDI, it follows that the trial court erred in denying FDI's motion for summary judgment as to its liability under a negligent entrustment theory. Acting on personal, but not imputable, actual knowledge of his own alleged incompetency, Dean entrusted FDI's vehicle to himself. Under these circumstances, he can be found personally liable for any injuries that his negligent operation of FDI's vehicle may have caused. He was, however, "an 'opposite party' [from FDI] insofar as the operation of [FDI's] automobile was concerned" and FDI cannot be found liable for negligently entrusting the vehicle to him. *Keenan v. Hill*, supra at 111 (5).

4. Dean and FDI both sought summary judgment as to the recoverability of punitive damages. The denial of these motions is enumerated as error.

For the reasons discussed in Divisions 1, 2 and 3, FDI has no *liability* for the injuries resulting from the collision. Accordingly, there can be *no* recovery of punitive damages as against FDI. *Beverly v. Observer Publishing Co.*, 88 Ga. App. 490 (4) (77 SE2d 80) (1953).

With regard to Dean, " '(e)vidence that [his] driving under the influence of alcohol caused the plaintiff[s'] injuries is evidence of wilful misconduct, wantonness, and that entire want of care which raises the presumption of conscious indifference to the consequences.' " *Currie v. Haney*, 183 Ga. App. 506, 507 (359 SE2d 350) (1987). Accordingly, punitive damages are recoverable as against Dean pursuant to OCGA § 51-12-5.1 (b). "[D]riving under the influence of alcohol so as to cause personal injuries to another is an aggravating circumstance in the act which would authorize the jury to give punitive damages to deter the wrongdoer from repeating the act." *Moore v. Thompson*, 255 Ga. 236, 237 (336 SE2d 749) (1985).

Dean asserts, however, that the maximum extent of his liability for punitive damages to each plaintiff is $250,000. OCGA § 51-12-5.1 (g) does provide for a general limitation of $250,000 on the recovery of punitive damages. However, "if it is found that the defendant acted, or failed to act, with the specific intent to cause harm, there shall be no limitation regarding the amount which may be awarded as pu-

nitive damages." OCGA § 51-12-5.1 (f). Accordingly, the issue to be resolved is whether a genuine issue of material fact remains as to Dean's specific intent to commit harm.

Dean intended to drink, he intended to drive after he had done so and, while driving, he intended to exceed the speed limit. This would certainly be evidence of his *general* conscious indifference to the consequences of driving while intoxicated and would certainly authorize a finding that he was liable for punitive damages. However, it would not be evidence of his *specific* intent that driving in his intoxicated condition cause harm. " ' " 'Intent' is defined in Restatement, Torts 2d, § 8A (1965) 'to denote that the actor desires to cause consequences of his act, or that he believes that the consequences are substantially certain to result from it.' 'On the other hand, the mere knowledge and appreciation of a risk, short of a substantial certainty, is not the equivalent of intent.' (Cit.)" (Cit.)' [Cit.]" *Eubanks v. Nationwide &c. Ins. Co.*, 195 Ga. App. 359, 364 (4) (393 SE2d 452) (1990).

Dean admitted his intent to drink and drive but denied that, in doing so, he had any specific intent to cause harm. There is no evidence which would authorize a finding that, contrary to Dean's denial, he had a specific intent that his driving while intoxicated would cause harm. The uncontradicted evidence shows that all injuries resulting from Dean's intoxication were caused by his conscious indifference to the consequences of driving while intoxicated, not by his specific intent to inflict those injuries. It follows, therefore, that the trial court erred in failing to grant summary judgment in favor of Dean as to his liability to each plaintiff for any punitive damages in excess of $250,000.

*Judgments affirmed in Case Nos. A91A2105 and A91A2248. Judgments reversed in Case Nos. A91A2106, A91A2223, A91A2235, A91A2239 and A91A2249. Johnson, J., concurs. Beasley, J., concurs in Divisions 1, 2, 4 and in the judgment.*

DECIDED MARCH 17, 1992 —
RECONSIDERATIONS DENIED APRIL 3, 1992 —

*Butler, Wooten, Overby & Cheeley, James E. Butler, Jr., Charles F. Overby, Peter J. Daughtery*, for Viau.

*Buchanan & Land, Clay D. Land, Hatcher, Stubbs, Land, Hollis & Rothschild, William B. Hardegree*, for FDI etc.

*Douglas L. Breault*, for Warren.

*Agnew & Schlam, G. Michael Agnew, Paul E. Schlam*, for Pes.