## A93A1054. COKER et al. v. CULTER.
### (431 SE2d 443)

BIRDSONG, Presiding Judge.

Appellants Billie and Angela Coker and appellee Lyle Pace Culter were involved in an auto collision. Partial summary judgment was granted to appellee as to punitive damages. Appellants appeal on grant of punitive damages.

By affidavit, appellee admitted going 40 mph in a 35 mph zone; water was standing on the road; visibility was poor; his car hydroplaned and crossed over the centerline; two passengers in the car were drinking but appellee, who had drunk beer some time before the accident tested one hour after the accident at .03 percent grams blood-alcohol content. Drug paraphernalia was found in the back of appel-

lee's car, though he claimed he knew nothing about it. He admitted he may have been driving a little too fast for conditions. After the collision, appellee jumped out of the car and stomped and slammed the front end of his car while cursing; appellant, who was pregnant, screamed she was in labor. *Held*:

On motion for summary judgment, if there is no evidence sufficient to create a genuine issue of material fact as to any essential element of the plaintiff's claim, that claim fails. *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (405 SE2d 474). A defendant seeking summary judgment may discharge his burden by showing an absence of evidence to support the plaintiff's case. If the movant discharges this burden, the respondent cannot rest on the pleadings, but must point to specific evidence giving rise to a triable issue. *Lau's Corp.*, supra at 491. See OCGA § 9-11-56 (c).

The trial court did not err in granting partial summary judgment to appellee as to punitive damages. Punitive damages may be awarded only where it is proven by "clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." OCGA § 51-12-5.1 (b). "Punitive damages cannot be imposed without a finding of some form of culpable conduct. Negligence, even gross negligence, is inadequate to support a punitive damage award." *Colonial Pipeline Co. v. Brown*, 258 Ga. 115, 118 (3b) (365 SE2d 827).

Although there may be evidence of gross negligence in this case, there is no clear and convincing evidence that defendant's acts arose to the level sought to be punished under OCGA § 51-12-5.1. *Day v. Burnett*, 199 Ga. App. 494 (405 SE2d 316); *Harrison v. S & B Trucking*, 179 Ga. App. 291, 292 (1) (346 SE2d 101); *American Fidelity &c. Co. v. Farmer*, 77 Ga. App. 166 (48 SE2d 122); and *Rutland v. Dean*, 60 Ga. App. 896 (5 SE2d 601) are not controlling, as they involve a lesser burden of proof to support punitive damages than is now required by OCGA § 51-12-5.1.

Appellants filed a motion for reconsideration of the order granting partial summary judgment as to punitive damages, with an affidavit of an auto expert, including a statement that appellee was driving a "muscle car" and that anyone who owns and operates a "muscle car" knows it has bad traction in wet weather. The attached police report showed "drinking, not impaired."

The reconsideration motion was properly denied. "Each party has a duty to present his case in full at the hearing on the motion for summary judgment." *Nowell v. Fain*, 174 Ga. App. 592, 593 (330 SE2d 741); see *Summer-Minter & Assoc. v. Giordano*, 231 Ga. 601, 606 (203 SE2d 173).

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED MAY 13, 1993.

*Whelchel, Dunlap & Gignilliat, Thomas S. Bishop,* for appellants.

*Chambers, Mabry, McClelland & Brooks, Daniel N. Meyer,* for appellee.