## A94A1606. BRADFORD v. XEROX CORPORATION.

(453 SE2d 98)

ANDREWS, Judge.

Allen Bradford was allegedly injured when a van driven by Gary McCormick collided with Bradford's truck. Bradford filed this action against the Xerox Corporation alleging McCormick was acting within the scope of his employment with Xerox when the accident occurred. Xerox moved for partial summary judgment on Bradford's claim for punitive damages, arguing there was no showing of wilful or wanton misconduct. Bradford appeals from the superior court's grant of Xerox's motion.

In his sole enumeration of error, Bradford contends the superior court erred in granting Xerox's motion for partial summary judgment as to punitive damages because genuine issues of material fact exist as to whether McCormick's conduct was wilful, wanton, or demonstrated an entire want of care. We find this enumeration of error without merit.

"Punitive damages may be recovered when it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences. OCGA § 51-12-5.1 (b)." (Punctuation omitted.) *Smith v. Tommy Roberts Trucking Co.*, 209 Ga. App. 826, 828 (2) (435 SE2d 54) (1993). Here, the evidence, viewed with all inferences in favor of Bradford, was insufficient to impose punitive damages on Xerox Corporation as a result of the actions of its driver McCormick under the "clear and convincing evidence" standard of OCGA § 51-12-5.1 (b). See *Coker v. Culter*, 208 Ga. App. 651 (431 SE2d 443) (1993); compare *Harrison v. S & B Trucking*, 179 Ga. App. 291, 292 (1) (346 SE2d 101) (1986) (decided prior to the July 1, 1987 effective date of OCGA § 51-12-5.1).

The evidence is that McCormick was speeding while on his way to report to his job post. The road was wet and the van he was driving crossed the highway median and struck Bradford's vehicle. There was no evidence of any history of improper driving by McCormick on the job. There was no indication that Xerox had any reason to question McCormick's driving ability. There was no indication that McCormick had consumed any alcoholic beverages during the previous 24 hours nor was there any evidence of a DUI history. McCormick had no medical problems which would cause blackouts nor was he consuming any medication or other drugs on the day of the accident.

As stated in *Currie v. Haney*, 183 Ga. App. 506 (359 SE2d 350) (1987), "the fact that appellee's car may have crossed the centerline and struck [the victim's] vehicle would not, in the absence of aggravating circumstances, authorize [the victims] to recover punitive dam-

ages. Compare *Moore v. Thompson*, 255 Ga. 236, 237 (336 SE2d 749) (1985), wherein the Supreme Court held that '[e]vidence that the defendant's driving under the influence of alcohol caused the plaintiff's injuries is evidence of wilful misconduct, wantonness, and that entire want of care which raises the presumption of conscious indifference to the consequences.' " *Currie*, supra at 506 (pre-1987 enactment of the clear and convincing evidence standard of OCGA § 51-12-5.1). See also *Viau v. Fred Dean, Inc.*, 203 Ga. App. 801, 804 (4) (418 SE2d 604) (1992) (corporate officer's driving under the influence did not provide basis for recovery of punitive damages against the corporation, but did allow recovery against the individual officer).

We are also guided in our resolution of this case by *Coker v. Culter*, supra. There, the grant of partial summary judgment to the defendant on the issue of punitive damages was affirmed by this court. In *Coker*, the defendant "admitted going 40 mph in a 35 mph zone; water was standing on the road; visibility was poor; his car hydroplaned and crossed over the centerline; two passengers in the car were drinking but [defendant], who had drunk beer some time before the accident tested one hour after the accident at .03 percent grams blood alcohol content. Drug paraphernalia was found in the back of [his] car, though he claimed he knew nothing about it. He admitted he may have been driving a little too fast for conditions. After the collision, [defendant] jumped out of the car and stomped and slammed the front end of his car while cursing; [plaintiff], who was pregnant, screamed she was in labor." Id. at 651-652.

Similarly, in *Cullen v. Novak*, 201 Ga. App. 459 (411 SE2d 331) (1991), even though there was evidence that Cullen carelessly ran a red light, "[t]here was, however, no evidence of such an entire want of care and conscious indifference to the consequences sufficient to authorize an award of punitive damages. [Cits.]" *Cullen*, supra at 460 (2). Compare *J. B. Hunt Transport v. Bentley*, 207 Ga. App. 250 (427 SE2d 499) (1992).

Accordingly, the court properly granted the motion for partial summary judgment as to the punitive damages.

*Judgment affirmed. Birdsong, P. J., Beasley, P. J., Blackburn, and Smith, JJ., concur. Pope, C. J., McMurray, P. J., Johnson and Ruffin, JJ., dissent.*

JOHNSON, Judge, dissenting.

I believe the trial court erred in granting Xerox's motion for partial summary judgment as to punitive damages and respectfully dissent.

"Punitive damages may be recovered when it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire

want of care which would raise the presumption of conscious indifference to consequences. OCGA § 51-12-5.1 (b)." (Punctuation omitted.) *Smith v. Tommy Roberts Trucking Co.*, 209 Ga. App. 826, 828 (2) (435 SE2d 54) (1993). Viewing the evidence most favorably to Bradford as the non-movant, *Elsberry v. Ivey*, 209 Ga. App. 620 (1) (434 SE2d 158) (1993), McCormick was traveling between 70 and 80 mph in a 55 mph zone in wet conditions when his van crossed the grass median which divided the highway and struck Bradford's vehicle. On deposition, McCormick did not deny speeding or crossing the median, although he could not recall exactly what happened just before or after the collision. In *Harrison v. S & B Trucking*, 179 Ga. App. 291, 292 (1) (346 SE2d 101) (1986), we held a jury was authorized to award punitive damages where the driver exceeded the speed limit and collided with the plaintiff despite an opportunity to avoid the collision. We stated that "[a] jury may find that evidence of illegal and excessive vehicle speeds, in conjunction with the other facts . . . , provides proof of an entire want of care and indifference to consequences authorizing punitive damages." (Citation omitted.) Id. Similarly, in *Day v. Burnett*, 199 Ga. App. 494, 496 (2) (405 SE2d 316) (1991), we held punitive damages were authorized where the defendant followed too closely, traveled too fast for conditions and failed to maintain a proper lookout for traffic. See also *Rider v. Taylor*, 166 Ga. App. 474, 475 (1) (304 SE2d 557) (1983). "The cardinal rule of the summary judgment procedure is that the court can neither resolve facts nor reconcile the issues but only look to ascertain if there is an issue. The party opposing the motion is to be given the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence." (Citations and punctuation omitted.) *Powell v. Ferreira*, 198 Ga. App. 465 (402 SE2d 85) (1991). A genuine issue of material fact exists as to whether McCormick's actions in exceeding the speed limit, driving across the median, and driving on the wrong side of the road showed one or more of the criteria for the award of punitive damages set forth in OCGA § 51-12-5.1 (b). In my opinion, the fact that the standard has changed from a "preponderance of the evidence" to "clear and convincing evidence" does not remove the issue from the province of the jury. Therefore, I believe the trial court erred in granting partial summary judgment for Xerox and respectfully dissent.

I am authorized to state that Chief Judge Pope, Presiding Judge McMurray and Judge Ruffin join in this dissent.

DECIDED DECEMBER 20, 1994 —
RECONSIDERATION DENIED JANUARY 17, 1995 — ■

*Funderburk, Day & Lane, J. Phillip Day*, for appellant.
*Hatcher, Stubbs, Land, Hollis & Rothschild, William B. Hardegree*, for appellee.