## A97A1372. CARTER et al. v. SPELLS et al.
### (494 SE2d 279)

BEASLEY, Judge.

In this lawsuit arising from a motor vehicle collision, plaintiffs Christopher and Janet Carter appeal the grant of partial summary judgment to defendant Johnny Spells on the Carters' claim for punitive damages.

Evidence showed that as Christopher Carter drove his vehicle through an intersection in Valdosta, Spells' truck entered the intersection on a red light and collided with Carter. The Carters contended punitive damages would be justified because Spells' activities that evening, and other evidence showing his "reckless" and "violent" behavior, provided clear and convincing evidence of "that entire want of care which would raise the presumption of conscious indifference to consequences," as required by OCGA § 51-12-5.1 (b). The trial court rejected this argument.

On appeal from a trial court's grant of summary judgment, the record is reviewed de novo and the evidence construed in a light most favorable to the party opposing summary judgment to determine whether the trial court properly concluded no genuine issue of material fact existed and movant was entitled to judgment as a matter of law. See *Gentile v. Bower*, 222 Ga. App. 736, 737 (477 SE2d 130) (1996). As the party seeking summary judgment, Spells is not required to "affirmatively disprove" the Carters' claim for punitive damages; "instead, [his] burden . . . may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the [Carters'] case. If [he] discharges this burden, the [Carters] cannot rest on [their] pleadings, but rather must point to specific evidence giving rise to a triable issue." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). The question is whether the Carters produced evidence from which a jury could find Spells' actions showed conscious indifference to consequences as alleged in the second amended

complaint and as provided by OCGA § 51-12-5.1 (b). See *Cullen v. Novak*, 201 Ga. App. 459, 460 (2) (411 SE2d 331) (1991).

In automobile collision cases decided under OCGA § 51-12-5.1, punitive damages are not recoverable where the driver at fault simply violated a rule of the road. See, e.g., *Bradford v. Xerox Corp.*, 216 Ga. App. 83 (453 SE2d 98) (1994) (defendant's speeding did not warrant imposition of punitive damages absent evidence of other aggravating circumstances); *Coker v. Culter*, 208 Ga. App. 651 (431 SE2d 443) (1993) (punitive damages not warranted even though defendant was speeding on wet roads, had consumed some alcohol, and behaved abominably after collision); *Cullen*, supra (careless running of red light not sufficient aggravating circumstance).

On the other hand, punitive damages are recoverable under the statute where the collision resulted from a pattern or policy of dangerous driving. See, e.g., *Boyett v. Webster*, 224 Ga. App. 843 (482 SE2d 377) (1996) (cert. granted) (DUI in incident and on previous occasions); *Cheevers v. Clark*, 214 Ga. App. 866, 869 (4) (449 SE2d 528) (1994) (drunk driving in incident at issue as well as subsequent arrests for drunk driving); *Holt v. Grinnell*, 212 Ga. App. 520 (441 SE2d 874) (1994) (drunken driving); *Smith v. Tommy Roberts Trucking Co.*, 209 Ga. App. 826, 828 (2) (435 SE2d 54) (1993) (a "policy" of excessive speed plus defendant struck plaintiff's vehicle twice and kept pushing); *J. B. Hunt Transport v. Bentley*, 207 Ga. App. 250, 255 (2) (427 SE2d 499) (1992) (truck driver drove 20 miles despite serious mechanical problem which caused collision); *Viau v. Fred Dean, Inc.*, 203 Ga. App. 801, 804 (4) (418 SE2d 604) (1992) (drunken driving); *Day v. Burnett*, 199 Ga. App. 494, 496 (2) (405 SE2d 316) (1991) (driving under the influence and in violation of a number of traffic safety laws). Cases which involve the less stringent standards of proof applicable before the effectiveness of OCGA § 51-12-5.1 also relate to aggravated circumstances of driving. See *Harrison v. S & B Trucking*, 179 Ga. App. 291, 292 (1) (346 SE2d 101) (1986) (excessive speeds of tractor-trailer "in conjunction with the other facts"); and *Moore v. Thompson*, 255 Ga. 236, 237 (336 SE2d 749) (1985) (DUI in incident and on previous and subsequent occasions).

The Carters failed to demonstrate Spells engaged, that evening and earlier, in behavior connected with his driving which would show a conscious indifference to its consequences. While no one would condone, much less defend, Spells' history of disruptive misdeeds and antisocial behavior, and the purpose of punitive damages for a tort is "to punish" or "penalize" the defendant for the tort committed "or [to] deter" the defendant from future similar acts (OCGA § 51-12-5.1 (c)), the award authorized by the legislature for the tortfeasor's intent, motive, or attitude, as articulated in subsection (b) of the statute, has been construed as that which is related to the tort. It is this orienta-

tion of defendant in connection with the act at issue which aggravates the act's wrongfulness. There is an element of contributing cause involved in the sense that these circumstances surrounding the act worsened the wrongfulness of it even if the aggravating circumstances did not increase the injuries inflicted. Compare *Moore v. Thompson*, supra, and *Cheevers v. Clark*, supra, where the drunk driving caused the accidents and other acts of drunk driving showed the defendants continued this forbidden and dangerous activity thereafter. Since Spells' alleged tort occurred as a result of driving a vehicle, the aggravating circumstances would be those related to his driving.

Spells' own testimony is the only evidence of his actions just before the collision. Spells testified he was stopped at the red light when a group of local boys who had earlier challenged him to a fight pulled beside his truck and bumped it with their car. The impact scared him and caused him to release his foot from the clutch, which sent the car into the intersection. Even then, he testified, he thought he could turn right and avoid colliding with Carter's car. Christopher Carter's testimony confirms that just before the collision, Spells' truck was stopped at the red light and a darker vehicle was stopped beside it. A jury should decide whether Spells was negligent, but this evidence does not provide a basis for finding that Spells consciously and deliberately disregarded the interests of others when he entered the intersection. See *Cullen*, supra.

The Carters point to Spells' testimony that for several hours before the accident, he rode around Valdosta with his girl friend even though he knew the group of boys wanted to fight him. The Carters contend that, in addition, Spells' history of fights and other disciplinary problems show his propensity toward violence and reckless behavior.

None of this circumstantial evidence overcomes Spells' direct testimony that he did not voluntarily engage in or offer to engage in any fight that night. He consistently testified that, although he did consider accepting the boys' challenge to fight, at his girl friend's request he attempted to avoid his challengers. At one point he jumped a curb in leaving a bank parking lot after deciding not to get involved. As he left town to take his girl friend home, the group of boys followed him to the intersection at which the collision occurred. "[C]ircumstantial evidence has no probative value in establishing a fact when such evidence is consistent with direct and unimpeached evidence showing the non-existence of such a fact." (Citation and punctuation omitted.) *Red Top Cab Co. v. Hyder*, 130 Ga. App. 870, 871 (204 SE2d 814) (1974). Nor does any of the evidence offered otherwise relate to the nature of his driving on this occasion.

Spells was later ticketed twice for speeding and no proof of insur-

ance, but driving violations support punitive damages only when they demonstrate the defendant's " 'wilfulness or reckless disregard of consequences.' " *City of Monroe v. Jordan*, 201 Ga. App. 332, 333 (2) (411 SE2d 511) (1991). This collision did not stem from speeding.

Summary judgment on this portion of the Carters' claims was proper. .

*Judgment affirmed. Andrews, C. J., Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur and concur specially. McMurray, P. J., Ruffin and Eldridge, JJ., dissent.*

Judge Harold R. Banke, concurring specially.

I concur specially to emphasize that the judicial system should not condone the transformation of ordinary traffic incidents into exercises in the wholesale assassination of defendants' characters. Nothing in this case evidences the wilful misconduct necessary to sustain a punitive damages award. OCGA § 51-12-5.1 (b). It is undisputed that when Carter first observed Spells' vehicle, it was stopped at an intersection. Then, when Spells' vehicle pulled out into Carter's lane of travel, Carter testified that he was unable to avoid colliding with the left front side of Spells' vehicle. The investigating officer ticketed Spells only for failure to yield and no proof of insurance. There is absolutely no evidence that Spells was speeding or was driving recklessly at the time of the collision. In fact, according to Spells' uncontroverted testimony, after another vehicle bumped his truck, he got scared and his foot slipped off the clutch pedal, causing him to move forward. Something more than the mere commission of a tort is always required to support an award of punitive damages. *Cullen v. Novak*, 201 Ga. App. 459, 460 (2) (411 SE2d 331) (1991). Negligence, even gross negligence, will not provide that support. Id. In *Cullen*, we determined that the negligent running of a red light could not give rise to punitive damages. Id. Here, Spells' actions were even less culpable. The Carters failed to satisfy their burden on summary judgment of showing *some* evidence of aggravating circumstances or wilful misconduct in support of their claim for punitive damages. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

Further, the wilful misconduct or aggravating circumstances required for punitive damages " 'must relate to the tort being sued on. . . .' [Cit.]" *McNorrill v. Candler Gen. Hosp.*, 188 Ga. App. 636 (373 SE2d 780). The facts relied on by the dissent to support the punitive damages (subsequent speeding tickets and jumping or hitting a curb) appear unrelated to the conduct giving rise to the cause of action. See id. Nor do these specified actions demonstrate the wilfulness required to impose punitive damages, which again points to the danger of injecting extraneous character evidence rather than focusing on the actions which are truly at issue.

I am authorized to state that Chief Judge Andrews and Presiding Judge Birdsong join in this special concurrence.

McMURRAY, Presiding Judge, dissenting.

I respectfully dissent from the affirmance of partial summary judgment in favor of defendants as to the plaintiffs Christopher Carter's and Janet Carter's claims for punitive damages in their tort action against defendant John Spells, who ran a red light while driving his mother's vehicle and collided with plaintiffs. I cannot improve upon the cogent dissent of Judge Johnson in *Bradford v. Xerox Corp.*, 216 Ga. App. 83, 84-85 (453 SE2d 98), and so I adopt the same here. While I do not believe that evidence of defendant John Spells' violent temper in unrelated matters not involving these plaintiffs is probative of any conscious disregard of the consequences as would support an award of punitive damages for this collision, there is also evidence that, on the night in question, defendant John Spells drove speedily and recklessly out of a parking lot into the street, jumping or hitting the curb as he did so. Also, there is evidence of subsequent speeding tickets. Standing alone, neither of these circumstances is sufficient to prove aggravating or outrageous circumstances. But in combination, they afford, in my view, an adequate "clear and convincing" evidentiary basis to authorize the imposition of punitive damages in this case, based on defendant John Spells' demonstrated wilful and wanton disregard for the rules of the road in a manner directly affecting the safety of other members of the traveling public. *Smith v. Tommy Roberts Trucking Co.*, 209 Ga. App. 826, 828 (2) (435 SE2d 54). As the propriety of any such exemplary award is for the jury to determine in the first instance, I respectfully dissent.

I am authorized to state that Judge Ruffin and Judge Eldridge join in this dissent.

DECIDED NOVEMBER 18, 1997.

*Loyce W. Turner, Jr.*, for appellants.
*Young, Thagard, Hoffman, Scott & Smith, Henry P. Scott*, for appellees.