49925. BLACK et al. v. HAMILTON et al.

CLARK, Judge.

This is an appeal from denial of a motion for summary judgment brought by a defendant employer partnership operating a restaurant. Appellant was sued along with their employee who was the manager of their establishment. Plaintiffs were the parents of a minor son who was killed on the restaurant premises when negligently shot by a pistol wielded by the manager. Their child was an employee at the restaurant. Among the defenses contained in the answer of appellant was a contention that the death arose out of and in the course

of the son's employment so that the employer was immune from this tort action under the Workmen's Compensation Act.

The case comes to this court via an immediate review certificate with our record containing the pleadings, affidavits, interrogatories and five depositions. Four of these depositions were from young fellow employees who had been in the restaurant at the time of the event. *Held:*

1. In ruling on a motion for summary judgment the court does not try the case but merely determines from the record whether there are any genuine issues as to any material fact. If such issues exist, then summary judgment is inappropriate. As our court said in *Watkins v. Nationwide &c. Ins. Co.,* 113 Ga. App. 801, 802 (149 SE2d 749): "In no sense does the Summary Judgment Act authorize the courts to sit as both judge and jury. [Cits.] On motion for summary judgment the court is not authorized to try and resolve issues of fact; the function of the court, and its only authorized function under this procedure, is to determine the existence of a genuine issue of material fact. [Cits.]"

2. "Where the trial court overruled the defendant's general motion for summary judgment, this court will not reverse unless from the entire record construed against the movant it appears that there is an absence of any genuine issue as to all material facts and that the defendant is entitled to judgment as a matter of law. [Cits.]" *Coopers', Inc. v. Holmes,* 126 Ga. App. 597 (1) (191 SE2d 562).

3. "On a motion for summary judgment the burden of establishing the non-existence of any genuine issue of fact is upon the moving party and all doubts are to be resolved against the movant. The movant has that burden even as to issues upon which the opposing party would have the trial burden. . ." *Ham v. Ham,* 230 Ga. 43, 45 (195 SE2d 429).

4. Applying these rules to the instant case we do not find every issue on summary judgment has been foreclosed. There remain questions of fact. Among these are: (a) had the employee completed his assigned duties? (b) what is the effect of his failure to check out via the

time clock? (c) was his remaining at the premises personal in nature or for the purpose of performing his employment? All of these are elements which show a genuine issue of fact as to the fatal act being in the prosecution of and within the scope of his employment. These are to be resolved by a trial. See *Manhattan Industries v. Paul,* 126 Ga. App. 595 (191 SE2d 484).

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

ARGUED NOVEMBER 4, 1974 — DECIDED JANUARY 7, 1975 — REHEARING DENIED FEBRUARY 6, 1975.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Williston C. White,* for appellants.

*Charles M. Lipman,* for appellees.