**DAVISON SPECIALTY CHEMICAL CO., Plaintiff,**

v.

**S & H ERECTORS, INC., Chris Neuhoff, R.V. Deveries, Gary Raider, and James Hembree, Defendants.**

Civ. No. 1–84–329.

United States District Court, E.D. Tennessee, S.D.

Aug. 27, 1985.

George Lane Foster, Hall, Haynes, Lusk & Foster, Roger W. Dickson, Stophel, Caldwell & Heggie, Chattanooga, Tenn., for plaintiff.

Ken Starr, Luther, Anderson, Cleary & Ruth, Chattanooga, Tenn., for defendants.

## MEMORANDUM

EDGAR, District Judge.

This is an action premised upon an indemnity clause contained in a construction contract executed by the parties. The Court has subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1332. This matter is presently before the Court for consideration of the motion for partial summary judgment filed by defendant S & H Erectors, Inc.

On November 8, 1983, S & H Erectors, Inc. (hereinafter "S & H") agreed to perform certain work for Davison Specialty Chemical Co. (hereinafter "Davison") relating to the construction of an addition to the Davison facilities located in Chattanooga, Tennessee. The work involved the construction of a building, renovation of an existing structure, and work on machinery within the buildings. S & H also agreed to perform other work for Davison relating to the project by way of a blanket contract dated December 12, 1983. The contracts, which were drafted by Davison, provides that the law of Maryland will govern construction and performance of the agreements.[1]

The incident from which this litigation arises occurred on March 29, 1984. Plaintiff alleges that on that date an employee of S & H was cutting steel with a torch when an explosion occurred. As a result of the explosion, two persons employed by S & H and two individuals employed by the

W.C. Teas Company were injured.[2] The blast also caused damage to Davison's property.

On May 15, 1984, Davison filed the instant action alleging breach of contract and seeking indemnification from S & H for damages Davison sustained as a result of S & H's alleged negligence. The action also sought a declaration of the extent of Davison's liability, if any, to the four persons injured in the March 29, 1984 explosion. Davison's claim for indemnity is based upon the following indemnification provision:

> Indemnification. Contractor shall hold Owner harmless from any and all claims, liabilities and causes of action for injury to or death of any person (including, but not limited to, employees of Contractor or any subcontractor), and for damages to or destruction of property (including the Work and all other existing property of the Owner), resulting from any and all acts or omissions of Contractor or Contractor's employees in connection with the performance of the Work, and shall defend any such claim asserted or brought against Owner, provided, however, that Owner shall have the right to, without relieving Contractor of any obligations hereunder, to participate in the defense of such suit if Owner so elects.

S & H did not respond to Davison's demands for indemnification. Subsequently, Davison settled the lawsuits filed against it by the four injured individuals. On May 6, 1985, Davison amended its complaint and incorporated the amounts of the settlements into the damages requested in the first complaint.

In its motion S & H contends that, under Maryland law, it is under no obligation to indemnify Davison pursuant to the indem-

---

1. The parties disagree as to whether S & H was performing work pursuant to the November 8, 1983 contract or the December 12, 1984 contract at the time of the explosion. Both parties agree, however, that because the same indemnity clause is contained in both contracts this question is not relevant to the Court's disposition of defendant's motion for partial summary judgment.

2. The two S & H employees, R.V. Devries and Gary Raider, and the persons employed by W.C. Teas Company, Chris Neuhoff and James Hembree, are the other named defendants in this action. This action has been dismissed as to them by an order entered by the Honorable H. Ted Milburn filed August 31, 1984.

nification provision and, alternatively, that if the indemnification clause is enforceable under Maryland law, Tennessee public policy prevents its operation under the circumstances present in the instant case.

CHOICE OF LAW.

 A federal court sitting in a diversity action must, pursuant to the doctrine enunciated in *Erie Railroad v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), apply the substantive law of the forum state, including conflict of laws rules. *Boatland, Inc. v. Brunswick Corp.*, 558 F.2d 818, 821 (6th Cir.1977). The general conflicts rule in Tennessee governing contracts is that the law of the place of making governs unless the parties express the intent that another state's law apply. *Id.* In this action the parties have agreed that the contracts at issue would be construed under and governed by the laws of the State of Maryland. Such an agreement is not contrary to the public policy of Tennessee and, therefore, this Court will look to the law of Maryland where it is relevant to deciding the issues raised by defendant in its motion. *See Central States Southeast and Southwest Areas Pension Fund v. Kraftco, Inc.*, 589 F.Supp. 1061, 1070 n. 2 (M.D.Tenn.1984).

CONTRACTUAL INDEMNITY.

The first question presented is whether S & H can be held liable under the indemnity agreement if Davison's negligence caused or contributed to the March 29, 1984 explosion. Under Maryland law indemnity agreements which purport to indemnify the indemnitee against liability caused by the sole negligence of the indemnitee are against public policy and therefore unenforceable. Md.Cts. & Jud.Proc.Code Ann. § 5–305. Thus, it is clear that under the indemnity agreement between the parties, Davison would not be entitled to indemnification from S & H if Davison's negligence was the sole cause of injury in this case. A much closer question is whether Davison would be entitled to indemnification if it is found that both parties' negligence contributed to the March 29, 1984 explosion.

While the courts of Maryland have not passed on this precise issue, they have set forth some general rules which apply here.

Under Maryland law an indemnity agreement is construed to cover all losses, damages or liabilities to which it reasonably appears to have been the intention of the parties that it should apply. 12 Md. Law Encyclopedia, Indemnity § 3 p. 162 (West 1961), citing *Fidelity & Deposit Co. of Maryland v. Thomas*, 133 Md. 270, 105 A. 174 (1918). However, the provision will not be construed to extend to loss or damage which is neither expressly within its terms nor of such character that it can reasonably be inferred that they were intended to be within the contract. *Id.* In cases where a party is seeking indemnification for damages arising from its own negligence, the rule in Maryland is that the indemnity agreement will not be construed to reach this result unless an intention to do so is expressed in those very words or in other unequivocal terms. *Crockett v. Crothers*, 264 Md. 222, 285 A.2d 612, 615 (1972).

 Review of the language of the indemnification provision under consideration does not reveal that it was the clear intent of the parties to shift the ultimate responsibility for Davison's negligence to S & H. Under Maryland law, where such an intention is not plainly evident from the face of the contract, an indemnitee is not entitled to indemnity for injuries to third persons resulting from its own negligence. Therefore, the Court holds that Davison is not entitled to indemnity from S & H for damages it incurred due to its own negligence.

The foregoing holding does not relieve S & H from liability for any damages that were caused by its negligence. The indemnification clause states that S & H will be liable for any injury to person or property "resulting from any and all acts or omissions of Contract or Contractor's employees in connection with the performance of the Work." This language evinces the intent of the parties that S & H would indemnify Davison for any damages resulting from S & H's negligence. Thus, the Court rejects defendant's argument that the in-

demnity clause cannot be enforced against it if it is found that Davison's negligence contributed to the accident. This conclusion does not, however, end the Court's consideration of this matter.

In the instant case, the Court must attempt to give meaning to the indemnity clause while applying the principle that an indemnitee cannot recover for its own negligence in the absence of an express contractual provision which clearly manifests that intent. After reviewing the decisions of Maryland courts that discuss the operation of indemnity agreements in varying circumstances, the Court concludes that these decisions do not provide the Court with definitive guidance in this case. Thus, in seeking to determine how the highest court of the State of Maryland would decide this issue, the Court in this instance will look to federal law.[3]

In *United States v. Seckinger,* 397 U.S. 203, 90 S.Ct. 880, 25 L.Ed.2d 224 (1970), the Supreme Court was required to construe a standard form government contract that required that the government be indemnified for all losses "that occur as a result of [the contractor's] fault or negligence in connection with the prosecution of the work." In determining whether the government was entitled to indemnification, the Supreme Court concluded that the most reasonable construction of the clause was that liability be premised on the basis of comparative negligence. 397 U.S. at 215, 90 S.Ct. at 887. The Supreme Court held that such an interpretation was consistent with the plain language of the clause in that the indemnitor would be required to indemnify the government to the full extent of its negligence, if any. The Supreme Court also found that, under its construction of the clause, the principle that indemnification for the indemnitee's own negligence must be clearly and unequivocally indicated as the intention of the parties was preserved in tact. *Id.* The Supreme Court stated, "In short, Seckinger

will be responsible for the damages caused by its negligence; similarly, responsibility will fall upon the United States to the extent that it was negligent." 397 U.S. at 216, 90 S.Ct. at 887. In conclusion, the Supreme Court noted that its interpretation adhered to the principle that, as between two reasonable and practical constructions of an ambiguous contractual provision, the provision should be construed less favorably to that party which selected the contractual language. *Id.*

■ Like the indemnity clause in *Seckinger,* the indemnity clause under consideration is ambiguous. By holding each party liable for its own negligence under the doctrine of comparative negligence, all of the rules of construction applicable here may be satisfied. This is true despite the fact that Maryland has not adopted the doctrine of comparative negligence. The Court, like the Supreme Court in *Seckinger,* construes the indemnity clause to mean that each party will be accountable only to the extent of its relative degree of fault. This is the theory behind comparative negligence, and even though comparative negligence is not recognized in Maryland, the parties can contract for its application. *See Norfolk & Western Railway Co. v. Hardinger Transfer Co., Inc.,* 415 F.Supp. 507, 511–12 (W.D.Pa.1976).

Thus, at trial in this matter the jury will be asked to determine the relative degree of fault of each of the parties. S & H will be required to indemnify Davison under the indemnification provision only to the extent of its negligence as determined by the jury. On this basis, the Court denies defendant's motion for partial summary judgment and holds that the indemnity clause in question is enforceable against S & H to the extent of S & H's relative degree of fault.

WAIVER OF IMMUNITY UNDER WORKERS' COMPENSATION LAW.

The next issue confronting the Court is whether S & H waived its immunity from

---

**3.** In diversity cases involving issues upon which there is an absence of guiding state authority, this Court must determine those issues of state law as it believes the highest court of this state

would determine them. *Glynsey v. Baltimore & Ohio Railroad Co.,* 495 F.2d 565, 567 (6th Cir. 1974).

suit granted by workers' compensation law by entering into the indemnity agreement with Davison. S & H argues that enforcement of the indemnity provision would violate Tennessee public policy, as third-party indemnity actions based upon express contracts of indemnity are barred by the "exclusive remedy" provision of the Tennessee Workers' Compensation Act, T.C.A. § 50–6–108. In support of this proposition, S & H cites *Tennessee River Pulp & Paper Co. v. Eichleay Corp.*, 708 F.2d 1055, 1058 (6th Cir.1983). In that case the Sixth Circuit reluctantly held that under Tennessee law all third-party indemnity actions against an employer, even though based upon an express contract of indemnity, were barred by the exclusive remedy provision of the Tennessee Workers' Compensation Act. S & H's reliance on this decision, as plaintiff points out, does not consider recent Tennessee legislation on the subject.

On May 9, 1985, the Governor of Tennessee signed into law an amendment to the exclusive remedy provision of the Tennessee Workers' Compensation Act. T.C.A. § 50–6–108 now reads as follows:

> The rights and remedies herein granted to an employee subject to the Workers' Compensation Law on account of personal injury or death by accident, including a minor whether lawfully or unlawfully employed, shall exclude all other rights and remedies of such employee, his personal representative, dependents, or next of kin, at common law or otherwise, on account of such injury or death; *provided, however this section shall not be construed to preclude third party indemnity actions against an employer who has expressly contracted to indemnify such third party.* (Emphasis marks May 9, 1985 amendment).

Since this amendment postdates the Sixth Circuit's decision in *Tennessee River Pulp,* this Court will accept it as dispositive of this issue.[4]

 Given the recent amendment to the exclusive remedy provision of the Tennessee Workers' Compensation Act, the Court concludes that it does not violate Tennessee public policy to allow this third-party indemnity action against S & H where S & H has expressly waived its immunity under workers' compensation law by entering into an express indemnity agreement. Therefore, defendant's motion for partial summary judgment on this issue is DENIED.

ENTER.

---

4. Federal courts must take into consideration state court decisions or legislation changing previously existing law or clarifying previously open or ambiguous questions of state law in determining state law in diversity cases. *See* 19 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4507, p. 105 (1982 & Supp. 1985).