A95A1810, A95A1811. BARTJA v. NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. (two cases).

(463 SE2d 358)

POPE, Presiding Judge.

Bartja appeals the denial of his motion for summary judgment and the grant of National Union Fire Insurance Company of Pittsburgh's ("National Union") motion for partial summary judgment.

This case arose when a tractor-trailer truck driven by Kevin McConico and owned by National Union's insured, Ready Trucking, Inc. ("Ready"), collided with the rear of a van in which Bartja was riding. The van overturned; Bartja was thrown from it and received personal injuries.

Bartja initially brought this action against McConico, Ready, and National Union but later voluntarily dismissed without prejudice the former two defendants. He joined National Union pursuant to OCGA § 46-7-12 (e), alleging it was vicariously liable for McConico's negligence and Ready's negligent entrustment, negligent hiring, negligent retention, and negligent supervision of McConico. He sought punitive damages against both McConico and Ready on these causes of action. In its answer, National Union admitted that McConico was acting within the scope of his employment with Ready when the collision occurred.

Bartja subsequently moved for partial summary judgment on the negligence claim against McConico. National Union moved for partial summary judgment on the issues of punitive damages and negligent entrustment, hiring, retention, and supervision. The trial court denied Bartja's motion and granted National Union's motion. Bartja appeals from these rulings.[1]

1. Bartja argues that the trial court erred in denying his motion for partial summary judgment on his negligence claim against McConico because National Union offered no evidence that the collision was unavoidable or unexplainable and McConico admitted his negli-

---

[1] Bartja has refiled his claims against Ready in the State Court of Fulton County. That separate action is also before us on an appeal challenging the grant of Ready's motion to transfer for improper venue. (Case Nos. A95A1781, A95A1782, A95A1783, and A95A1784.)

As a preliminary matter, we note that a contract action against an insurer of a motor carrier on the policy itself is " 'cognizable as an independent suit without joinder of the motor carrier.' [Cits.]" *Employers Ins. of Wausau v. Dawson*, 194 Ga. App. 247, 248 (390 SE2d 261) (1990). Thus, where an actionable injury exists at the time suit is filed, the injured party need not pursue a suit against the motor carrier in order to sue the insurer, even though "under the Motor Carrier Act, OCGA § 46-7-1 et seq., the insurance carrier is not, in reality, a *separate* party for purposes of liability, but, rather, is equivalent to a provider of a substitute surety bond, creating automatic liability in favor of a third party who may have a claim for damages for the negligence of the motor common carrier. [Cit.]" (Emphasis in original.) *Andrews v. Yellow Freight System*, 262 Ga. 476 (421 SE2d 712) (1992); *Seawheels, Inc. v. Bankers &c. Co. of New York*, 175 Ga. App. 528, 532 (333 SE2d 650) (1985). Accordingly, the resolution of the venue issue as to Ready does not affect the viability of this action.

gence. He also maintains McConico committed negligence per se by following too closely and failing to pass to the left at a safe distance as required by Georgia law.

The denial of a motion for summary judgment must be affirmed unless the entire record, construed against the movant, reveals no disputed issues of material fact and demonstrates that the movant is entitled to judgment as a matter of law. *Black v. Hamilton*, 133 Ga. App. 881 (212 SE2d 449) (1975). Except in very rare cases, the issue of fault in rear-end collision cases should be left to the jury. *Atlanta Coca-Cola Bottling Co. v. Jones*, 236 Ga. 448, 451 (224 SE2d 25) (1976); see *Drake v. Page*, 195 Ga. App. 226, 227 (393 SE2d 89) (1990).

Genuine issues remain to be tried on the negligence claim. McConico disputes the meaning of his alleged statement to the police that he evidently fell asleep at the wheel. He later attested that he made this statement while suffering from confusion and disorientation due to head, leg, ankle, knee, and arm injuries, and National Union argues that the police officer prodded McConico into speculating that he fell asleep. The record shows that in the time just preceding the collision, McConico slept for eight hours, inspected his vehicle for fifteen minutes, drove for three hours, stopped for a fifteen-minute break, and drove for about ten minutes. McConico testified that the last thing he recalled before the collision was driving within the speed limit in the right lane with clear highway ahead. One of the van's passengers attested that the van had been exiting the interstate when the collision occurred, but a part of it could have remained in the right lane. National Union proffered an expert opinion that the van was an impediment to the normal use of the interstate and the van had overturned in part due to the directional control of each driver involved. These disputed facts justify the trial court's denial of summary judgment. Cf. *Drake*, 195 Ga. App. at 227 (liability based upon undisputed evidence that driver looked at air conditioner just prior to collision and the absence of any circumstances suggesting she could not have avoided collision had she kept a diligent lookout).

This evidence also forecloses Bartja's negligence per se argument. In *Malcom v. Malcolm*, 112 Ga. App. 151, 154 (144 SE2d 188) (1965), we found that the applicable rules of the road furnished general rules of conduct, but whether the statutory provisions were actually violated presented a jury question to be determined in light of all the attendant circumstances of the case. Here, a jury must determine whether McConico failed to exercise reasonable care by following too closely or passing at an unsafe distance. The undisputed fact that McConico struck the van in the rear is insufficient to support a finding of negligence per se. *Atlanta Coca-Cola*, 236 Ga. at 450 ("A leading vehicle has no absolute legal position superior to that of one fol-

lowing.").

2. The trial court did not err in granting summary judgment on the negligent entrustment, hiring, retention, and supervision claims because Ready admitted liability under respondeat superior for McConico's negligence, if any.

In cases alleging both respondeat superior and negligent entrustment against an employer for the acts of its driver where no punitive damages are sought, we have stated that a defendant employer's admission of liability under respondeat superior establishes "the liability link from the negligence of the driver . . . rendering proof of negligent entrustment unnecessary and irrelevant." *Thomason v. Harper*, 162 Ga. App. 441, 442-443 (289 SE2d 773) (1982). This rule arises from the countervailing problems inherent in protecting the employee from prejudicial evidence of his prior driving record and general character for recklessness in driving while admitting the proof necessary for the negligent entrustment case to proceed. Id. at 442. It applies where, under the case as pleaded, the employer's liability under respondeat superior would be identical to that under the negligent entrustment theory because no punitive damages are sought on the negligent entrustment claim. Id. at 443; see *Willis v. Hill*, 116 Ga. App. 848 (159 SE2d 145) (1967), rev'd on other grounds, 224 Ga. 263 (161 SE2d 281) (1968). In contrast, where the employer's liability is not the same on both claims because punitive damages are sought only on the negligent entrustment claim, the appropriate solution for avoiding the prejudice to the driver is a separate trial on the negligent entrustment issue. *Smith v. Tommy Roberts Trucking Co.*, 209 Ga. App. 826, 829 (435 SE2d 54) (1993); see *Chupp v. Henderson*, 134 Ga. App. 808, 809 (216 SE2d 366) (1975).

We find the rule applicable to the facts in this case. Here, National Union is essentially acting as a surety for both McConico and Ready. *Andrews*, 262 Ga. at 476. In this procedural posture, although McConico is no longer a party, the admission of evidence of his driving record as proof of negligent entrustment could prejudice National Union's defense of the negligence claim against McConico. Summary judgment was properly granted as to punitive damages on both the negligence claim against McConico and the negligent entrustment, hiring, retention, and supervision claims against Ready (as discussed in Division 4). Thus, in the event of a plaintiff's verdict, Ready's liability is the same under negligent entrustment or respondeat superior. The negligent entrustment claim against Ready is dependent on the success of the negligence claim against McConico. In the event of a verdict for McConico, the negligent entrustment claim would fail for lack of proximate cause. Thus, the evidence of McConico's prior driving record is "unnecessary and irrelevant," and theoretically, no issues remained to be tried on the negligent entrustment claim in or-

der to resolve the case. *Thomason v. Harper*, 162 Ga. App. at 442-443. Accordingly, if the trial court granted summary judgment based upon Ready's admission of respondeat superior liability, it was not error. *Willis*, 116 Ga. App. at 862.

3. Because of our holding in Division 2, it is unnecessary to consider whether material issues of fact remain to be tried on the negligent entrustment, hiring, retention, and supervision claims.

4. Bartja contends that the trial court erred in granting summary judgment on punitive damages because issues remain to be tried as to whether McConico and Ready were grossly and wantonly negligent. He argues that McConico's prior accidents and citations and his admitted tendency to fall asleep while driving constitute evidence precluding summary judgment.

Clear and convincing evidence of a defendant's "willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences" is required to warrant the imposition of punitive damages. OCGA § 51-12-5.1 (b). Negligence, even gross negligence, is insufficient to support such an award. *Colonial Pipeline Co. v. Brown*, 258 Ga. 115, 118 (365 SE2d 827) (1988).

Ready hired McConico in late 1991. Federal regulations required Ready to investigate McConico's driving record for the previous three years. 49 CFR § 391.23. On his job application, McConico identified two moving violations, one in October 1987 for driving on the wrong side of the road and the other in March 1989 for disregarding a stop sign while driving his rig. McConico listed no accidents on his application. However, he stated in his affidavit that he informed Ready that he had been involved in two accidents in the seven-year period preceding his application. These moving violations both occurred in 1988. McConico received a citation after driving his rig into the rear of a Honda parked in the emergency lane and partly across the white line on Interstate 20. In addition, while driving his rig down a two-lane highway, he clipped off an oncoming van's side mirror. McConico also testified that he lost control of his personal car when a tie end rod broke. It is undisputed that McConico committed no actions which would disqualify him as a driver under the applicable federal regulations. 49 CFR § 391.15.

The evidence of McConico's driving record does not reveal the requisite culpability required to create a genuine issue of material fact on the propriety of punitive damages against McConico. *Coker v. Culter*, 208 Ga. App. 651, 652 (431 SE2d 443) (1993). Nor is there evidence that at the time of the collision McConico was speeding, traveling too fast for conditions, driving under the influence of alcohol, had an opportunity to avoid the collision, or acted with such a wilful and wanton lack of care as to entitle a jury to presume he was

consciously indifferent to the consequences of his actions. See *Bradford v. Xerox Corp.*, 216 Ga. App. 83, 84 (453 SE2d 98) (1995); cf. *Tommy Roberts Trucking Co.*, 209 Ga. App. at 828 (evidence presented that the truck driver struck the plaintiff's car twice and then kept pushing it down the road).

This reasoning also applies to the independent claims against Ready. The evidence shows that Ready complied with federal regulations in hiring McConico, who was qualified to drive under those regulations. Cf. *Tommy Roberts Trucking Co.*, 209 Ga. App. at 828. Nothing in the record indicates that Ready knew or should have known that McConico had a tendency to fall asleep at the wheel. Assuming that Ready knew of McConico's entire driving history, the record raises no disputed issues of fact sufficient to preclude summary judgment as to punitive damages. *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (405 SE2d 474) (1991).

*Judgments affirmed. Beasley, C. J., and Ruffin, J., concur.*

DECIDED OCTOBER 25, 1995 — 

*Burkey & Burkey, Frederick D. Burkey, Calvin A. Rouse, Billy E. Moore*, for appellant.

*Dennis, Corry, Porter & Gray, William E. Gray II, Pamela J. Gray, Stephanie F. Goff, Kerry A. Quinn*, for appellee.