A98A0999. DURBEN v. AMERICAN MATERIALS, INC. et al.
(503 SE2d 618)

BLACKBURN, Judge.

Linda Durben was injured when her vehicle was struck by a truck owned by American Materials, Inc. and driven by one of its employees, Leon Wesley Palmer. Durben sued American Materials and its insurer, Nationwide Insurance Company, asserting claims of respondeat superior, negligent entrustment, and negligent hiring and retention, and also seeking to recover punitive damages.[1] The trial court granted defendants' motion for summary judgment as to all claims except the respondeat superior claim, and Durben appeals.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant." *Matjoulis v. Integon*

---

[1] Durben also sued Palmer, the driver, but her claims against him were dismissed for failure to timely effect service.

*Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

1. Defendants contend that they were entitled to summary judgment on Durben's claims for negligent entrustment, hiring, and retention because American Materials admitted that Palmer was its agent and employee and acting within the scope of his authority at the time of the accident. Thus, American Materials would be liable to Durben for Palmer's alleged negligent acts under the doctrine of respondeat superior. Generally, when an employer admits the applicability of respondeat superior, it is entitled to summary judgment on claims for negligent entrustment, hiring, and retention. The rationale for this is that, since the employer would be liable for the employee's negligence under respondeat superior, allowing claims for negligent entrustment, hiring, and retention would not entitle the plaintiff to a greater recovery, but would merely serve to prejudice the employer. See *Bartja v. Nat. Union Fire Ins. Co.*, 218 Ga. App. 815 (463 SE2d 358) (1995); *Whidby v. Columbine Carrier*, 182 Ga. App. 638 (356 SE2d 709) (1987); *Chupp v. Henderson*, 134 Ga. App. 808 (216 SE2d 366) (1975); *Willis v. Hill*, 116 Ga. App. 848, 863 (159 SE2d 145) (1967), rev'd on other grounds, 224 Ga. 263 (161 SE2d 281) (1968).

An exception exists for this general rule, however, where a plaintiff has a valid claim for punitive damages against the employer based on its independent negligence in hiring and retaining the employee or entrusting a vehicle to such employee. In such case, it cannot be said that the negligence claims against the employer are merely duplicative of the respondeat superior claim. Under these circumstances, the employer is not entitled to summary judgment on the negligent entrustment, hiring, and retention claims. Rather, "the appropriate solution for avoiding the prejudice to the driver is a separate trial on the negligent entrustment[, hiring, and retention issues]. *Smith v. Tommy Roberts Trucking Co.*, 209 Ga. App. 826, 829 (435 SE2d 54) (1993); see *Chupp*[, supra at 809]." *Bartja*, supra at 817 (2).

Accordingly, the question to be resolved is whether Durben has a valid basis for punitive damages on her negligent entrustment, hiring, and retention claims. "Clear and convincing evidence of a defendant's 'willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences' is required to warrant the imposition of punitive damages. OCGA § 51-12-5.1 (b). Negligence, even gross negligence, is insufficient to support such an award." *Bartja*, supra at 818 (3).

In support of her claims against American Materials, Durben relies upon several documents. First, attached as an exhibit to her brief in response to defendants' motion for summary judgment is an

uncertified copy of a complaint against American Materials arising out of a prior accident involving Palmer, as well as an uncertified copy of a jury verdict against Palmer in such case. These documents are not competent evidence in this summary judgment proceeding. OCGA § 9-11-56 (c) authorizes a trial court, in ruling on a motion for summary judgment, to consider "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any." Nothing in the statute authorizes a trial court to consider uncertified pleadings from another case that are merely attached to a brief, without any attempt to authenticate or verify such documents or to offer them into evidence. Moreover, the allegations in the complaint constitute hearsay, which lacks probative value even in the absence of objection. *Howell Mill/Collier Assoc. v. Pennypacker's*, 194 Ga. App. 169, 171 (2) (390 SE2d 257) (1990).

Apart from the allegations in the complaint, there is no evidence whatsoever as to the circumstances surrounding the prior accident, which occurred 19 months before the collision in this case. Durben has pointed to no evidence showing that American Materials was aware of any facts surrounding the prior accident that should have put it on notice that Palmer was a dangerous driver. The complaint itself contains no allegations of such facts, merely reciting that Palmer collided with the plaintiff's vehicle and that the accident was caused by Palmer's negligence. The police report attached to the complaint shows that Palmer had not been drinking and was not given a DUI test, and he was cited for following too closely. The jury's verdict against American Materials in the other case was not rendered until February 20, 1996, more than a year after the accident in this case. Other documents submitted by Durben indicate that this was the only prior accident involving Palmer while working for American Materials.

Durben also relies on documents she claims to have obtained from Palmer's previous employer, PAM Transport. However, as with the documents discussed above, Durben makes no attempt to authenticate or otherwise offer into evidence these documents. Rather, she merely attaches these documents to a pleading entitled "Notice of Filing," asserting that the documents constituted PAM's responses to Durben's requests to produce. Durben did not submit an affidavit from a PAM representative or any other evidence showing that the documents constituted business records of PAM. In the absence of such evidence, the documents constitute inadmissible hearsay, which lacks probative value even in the absence of objection. *Pennypacker's*, supra.

Two of the documents purport to show that Palmer was terminated by PAM and was not eligible for rehire. However, the reason for the termination was not related to Palmer's dangerous driving,

but to his unauthorized use of and abandonment of a truck in an unauthorized location.

Durben also points to documents purportedly received from PAM that show Palmer was involved in an accident in October 1991. According to a report of the accident, Palmer, while passing a car, scraped the side of the car and knocked off its passenger side mirror. However, this report constitutes hearsay within hearsay within hearsay, as it is a description by a PAM employee of his conversation with the car driver's husband regarding what the driver told him about the accident.

Finally, Durben points to documents in the record showing that Palmer's license was briefly suspended in early 1993 for failure to comply with an out-of-state citation. However, there is no indication as to what type of violation this citation involved, or even whether it involved a moving violation.

In short, apart from questions of admissibility, the evidence relied upon by Durben shows at most that (1) Palmer had two accidents in the three-year period before the incident in this case, (2) Palmer's license was briefly suspended for failing to comply with an unknown citation, and (3) Palmer was terminated by his previous employer for reasons unrelated to his driving. There is no competent evidence in the record to support the above facts. Therefore, we do not reach the core question of whether such facts would create a jury question as to punitive damages, thereby authorizing the plaintiff to proceed with her negligent entrustment and negligent hiring claims in conjunction with her respondeat superior claim under *Smith v. Tommy Roberts Trucking Co.*, supra.

In any event, in order to obtain punitive damages on her claims, Durben would have had to do more than show mere negligence, or even gross negligence, on the part of American Transport. She had to show that American Transport was guilty of "willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." *Bartja*, supra at 818 (4).

The competent evidence in the record is insufficient to meet this standard, and Durben is therefore not entitled to punitive damages on her claims for negligent entrustment, hiring, and retention. See *Bartja*, supra (affirming summary judgment on punitive damages where driver/employee had moving violations for running stop sign and driving on wrong side of road, clipped off an oncoming van's mirror while driving rig on two-lane highway, was cited for driving rig into rear of automobile in emergency lane, and lost control of personal car on another occasion).

Because defendants admit the applicability of the respondeat superior doctrine, and because plaintiff is not entitled to punitive

damages on her claims for negligent entrustment, hiring, and retention, the trial court did not err in granting defendants' motion for summary judgment on such claims. See Willis, supra.

2. The trial court also granted summary judgment on Durben's claim for punitive damages on the respondeat superior claim. To the extent that Durben's enumeration of error encompasses this ruling, any objection to such ruling is abandoned as it is not addressed in Durben's appellate brief. See Rolleston v. Cherry, 226 Ga. App. 750, 753 (1) (a) (487 SE2d 354) (1997); Court of Appeals Rule 27 (c) (2).

Judgment affirmed. McMurray, P. J., and Senior Appellate Judge Harold R. Banke concur.

DECIDED JUNE 3, 1998.

Hiles, Rowen & Klonoski, Sharon L. Rowen, for appellant.

Martin, Snow, Grant & Napier, William H. Larsen, Thomas P. Allen III, for appellees.