Larry SCROGGINS, Plaintiff,

v.

**YELLOW FREIGHT SYSTEMS, INC., Defendant.**

**No. 1:99–CV–017.**

United States District Court,
E.D. Tennessee,
at Chattanooga.

April 26, 2000.

Flossie Weill, Weill & Weill, Chattanooga, TN, for Larry Scroggins, plaintiff.

Robert M Finlayson, II, Denise F Stranko, Mozley, Finlayson & Loggins, Atlanta, GA, Richard C Kennedy, Kennedy, Fulton,

Koontz & Farinash, Chattanooga, TN, for Yellow Freight System, Inc., defendant.

## MEMORANDUM & ORDER

COLLIER, District Judge.

Before the Court is the renewed motion of Defendant Yellow Freight Systems, Inc. ("Yellow Freight") to exclude at trial any evidence pertaining to the past driving record of Yellow Freight's employee, James Moss ("Moss"). This motion was renewed and re-argued during Plaintiff Larry Scroggins's ("Scroggins") case in chief, when Plaintiff attempted to introduce the past driving record evidence. Because the Court now has the benefit of knowing the precise evidentiary context in which the evidence has been offered and has subsequently discovered controlling Georgia substantive law, the Court **REVERSES** its former decision on the admissibility of this evidence and hereby **GRANTS** Yellow Freight's renewed motion.

### I. *Summary of Facts*

This is a diversity case. Plaintiff Larry Scroggins filed this personal injury lawsuit on January 12, 1999 seeking to recover for injuries he sustained when the tractor-trailer truck he was driving was rear-ended by a tractor-trailer truck driven by Moss on January 14, 1997.[1] Scroggins asserted causes of action based upon alternative theories of *respondeat superior*, negligent entrustment, negligent hiring and/or supervision, and negligent maintenance of equipment. Scroggins also sought punitive damages arising out of both the *respondeat superior* claim, and the direct liability claims. Yellow Freight conceded Moss was acting within the scope of his employment at the time of the accident but denied the accident was caused by its driver or its own negligence. Yellow Freight also contested the cause and severity of Plaintiff's injuries. Trial of the case before a jury commenced on March 22, 2000.

1. Moss was not named as a defendant in the

### II. *Procedural History*

Yellow Freight first objected to admission of the disputed evidence in a pretrial Motion in Limine (Court File No. 49). In that motion, Yellow Freight sought an order excluding the following evidence: 1)"[p]ost-accident documents created by Defendant regarding the January 14, 1997, collision," ("post-accident documents"), and 2)"[a]ny evidence of driver James Moss's previous accidents having occurred while in the course of his employment with Defendant," ("previous accident evidence"). In arguing for exclusion of the previous accident evidence, Defendant posited the issue as an evidentiary question involving only an interpretation of the FEDERAL RULES OF EVIDENCE. Scroggins accepted Defendant's characterization of the problem and only argued federal evidentiary grounds for admission. In an order entered March 21, 2000 (Court File No. 63), the Court granted in part and denied in part Yellow Freight's Motion, declining to categorically exclude the previous accident evidence.

### III. *Summary of Order Entered March 21, 2000 (Court File No. 63)*

In its first ruling addressing the issue of whether the previous accident evidence would be admissible at trial, the Court concluded the evidence was probative as tending to show Yellow Freight had knowledge of Moss's prior accidents. An employer's knowledge of its employee's driving history is a necessary element of the negligent entrustment, negligent hiring and/or supervision, and negligent maintenance of equipment theories of liability asserted by Scroggins. The Court concluded, therefore, the evidence had legitimate relevance and would be admissible. With respect to Yellow Freight's arguments the evidence would be unnecessarily prejudicial, the Court concluded an appropriate

lawsuit.

limiting instruction would cure any unfair prejudice.

In its Motion in Limine, Yellow Freight contended any evidence of its employee's driving record should be excluded as impermissible character evidence. *Fed. R.Evid.* 404(b) excludes "[e]vidence of other crimes, wrongs, or acts" if used "to prove the character of a person in order to show action in conformity therewith." *Fed.R.Evid.* 404(b). As a consequence, argued Yellow Freight, the evidence of Moss's prior accidents was irrelevant and inadmissable on the issue of the driver's negligence and Yellow Freight's *respondeat superior* liability. In response, Plaintiff Scroggins maintained the evidence, while not admissible to prove Moss's negligence, was relevant and therefore admissible on the issue of Yellow Freight's alleged negligence in allowing Moss to continue inspecting and driving trucks in spite of his previous accident record.

In reviewing the Final Pretrial Order (Court File No. 87), which expressly supplants the pleadings, the Court confirmed Scroggins had indeed alleged negligent retention, supervision and entrustment as alternative theories of recovery in addition to the *respondeat superior* claim. The Court therefore concluded the prior act evidence was relevant on issues other than Moss's character because it tended to prove Yellow Freight's knowledge of James Moss's alleged incompetence as a tractor trailer operator. Yellow Freight's knowledge was clearly central to the resolution of Plaintiff's claims for negligent retention and negligent entrustment. Thus, Moss's prior driving record was "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Fed.R.Evid.* 401.

Even though Rule 404(b) excludes prior act evidence if used to prove character, the evidence is still admissible "for other purposes such as proof of motive, opportunity, intent, preparation, plan, *knowledge*, iden-

tity, or absence of mistake or accident." *Id.* (emphasis added). Accordingly, the Court held the previous accident evidence should be admitted if offered to prove Yellow Freight's knowledge of its employee's alleged incompetence. In an effort to diffuse the danger of unfair prejudice to Yellow Freight, the Court also stated in its Order the Court's willingness to give an instruction specifying for the jury the limited relevance of the previous accident evidence. *See Tschira v. Willingham,* 135 F.3d 1077, 1085 (6th Cir.1998) (holding prior act evidence with legitimate relevance is admissible with proper limiting instruction); *Darnell v. Fluor Daniel Corporation,* 70 F.3d 115 (table), 1995 WL 675551, *2 (6th Cir. November 8, 1995) (holding driver's criminal record admissible to prove negligent entrustment where prejudicial potential of evidence cured by proper limiting instructions).

## IV. *Georgia Substantive Law*

After trial had commenced and Plaintiff had presented a major part of his case in chief, Yellow Freight renewed its motion when Scroggins sought to introduce the previous accident evidence. At this point, the Court's analysis of the issue was focused by the exact posture of the case and the context into which the evidence was offered. As a result, the Court's additional research revealed resolution of the issue of admissibility involved substantive Georgia personal injury law as well as the FEDERAL RULES OF EVIDENCE. This Court is bound by the decision of the United States Supreme Court in *Erie R. Co. v. Tompkins,* 304 U.S. 64, 74–75, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), to apply state substantive law in diversity cases. *Davis v. Sears, Roebuck and Co.,* 873 F.2d 888, 892 (6th Cir.1989); *Davison Specialty Chemical Co. v. S & H Erectors, Inc.,* 621 F.Supp. 783, 785 (E.D.Tenn. 1985). Both parties were in agreement Georgia substantive law governed this lawsuit.

■ Under Georgia law, in a cause of action arising out of an automobile accident involving an employee driver, the Plaintiff may not proceed with negligent entrustment, retention or supervision claims against the employer Defendant where the employer Defendant has admitted the agency relationship necessary to make it liable for the negligent acts of the employee driver.[2] *Bartja v. National Union Fire Ins. Co.,* 218 Ga.App. 815,. 463 S.E.2d 358, 361 (1995) ("[W]e have stated that a defendant employer's admission of liability under *respondeat superior* establishes the liability link from the negligence of the driver... rendering proof of negligent entrustment unnecessary and irrelevant.") (internal quotation marks omitted); *Durben v. American Materials, Inc.,* 232 Ga.App. 750, 503 S.E.2d 618, 619 (1998) ("Generally, when an employer admits the applicability of *respondeat superior,* it is entitled to summary judgment on claims for negligent entrustment, hiring, and retention."). In the opinion of one court, these claims are rendered "unnecessary and irrelevant," because the employer Defendant's liability would be the same under either a direct or vicarious cause of action. *Bartja,* 463 S.E.2d at 361. Furthermore, the negligent entrustment, supervision and retention claims are dependent upon a finding of negligence on the part of the employee driver. *Id.* In the event of a verdict for the employee driver, the negligent entrustment, supervision and retention claims would fail for a lack of proximate cause. *Id.*

According to the Georgia courts, evidentiary concerns also justify dismissal of these types of claims in those cases where the employer has admitted an agency relationship. Where the employer is admittedly liable for the employee's negligence under *respondeat superior,* allowing claims

for negligent entrustment, retention and supervision would not entitle the plaintiff to a greater recovery, but would merely serve to prejudice the employer. *Durben,* 503 S.E.2d at 619. The Georgia courts have applied this rule even where the driver was not a party to the action. *Bartja,* 463 S.E.2d at 361 ("In this procedural posture, although [the driver] is no longer a party, the admission of his driving record as proof of negligent entrustment could prejudice [insurer's] defense of the negligence claim against [the driver]."). Thus, in almost every case, Georgia applies the general rule direct liability claims against an employer should be dismissed where the employer admits to an agency relationship sufficient to give rise to *respondeat superior* liability.[3] *Durben,* 503 S.E.2d at 619.

■ The Georgia courts have recognized one limited exception to that general rule. Where a plaintiff has a valid claim for punitive damages against the employer based on its independent negligence in hiring and retaining the employee or entrusting a vehicle to that employee, then the negligence claims against the employer are not merely duplicative of the *respondeat superior* claims. *Id.* However, even in cases where a valid punitive damages claim would justify trying the negligent retention/supervision or entrustment claims as well as the *respondeat superior* claim, the Georgia courts have uniformly held the direct liability claims should be bifurcated to avoid completely any possible prejudice to the employer on the vicarious liability claim. *Id.*

In light of the treatment given the issue by the Georgia Court of Appeals, the Court necessarily reexamined its decision to admit evidence of Moss's previous acci-

---

**2.** Neither party drew the Court's attention to this well-established Georgia legal principle before trial.

**3.** In applying this rule of law, Georgia appears to be in accord with the majority viewpoint followed in most jurisdictions. *See, e.g.*

*Cole v. Alton,* 567 F.Supp. 1084, 1086 (N.D.Miss.1983); *Willis v. Hill,* 116 Ga.App. 848, 159 S.E.2d 145, 153–54 (1967);' *Neff v. Davenport Packing Co.,* 131 Ill.App.2d 791, 268 N.E.2d 574, 575 (1971).

dents. In revisiting the issue, the Court viewed it as implicating substantive state law as well as federal procedural concerns. In the case *sub judice*, Yellow Freight admitted the agency relationship necessary to render Defendant liable for injuries proximately caused by its employee, James Moss. Under the rule of law discussed above, this circumstance warranted dismissal of Plaintiff's negligent hiring, retention and entrustment claims unless Scroggins had a viable claim for punitive damages. Furthermore, even if Plaintiff's theories of direct liability fell within the punitive damages exception to the general rule, Georgia case law revealed a compelling policy favoring a bifurcated trial in that event.[4]

In either situation discussed above, Georgia substantive and/or procedural law mandates trying the *respondeat superior* claim separately and excluding the previous accident evidence. *Fed.R.Civ.P.* 42(b) provides: "The court, in furtherance of convenience or to avoid prejudice, . . . may order a separate trial of any claim, . . . or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment. . . ." Based on the strong substantive and procedural considerations in favor of exclusion, the Court concluded the only appropriate course of action would be to exclude the previous accident evidence, allowing for the possibility of a separate presentation of evidence on the negligent retention, supervision and entrustment claims if necessary.[5]

## V. *Conclusion*

As a consequence of the foregoing analytical process, the Court ruled on March 23, 2000 that evidence of an employee driver's previous accident history should be excluded in a case where the Defendant employer has admitted the agency relationship necessary to render it liable under *respondeat superior* for damages proximately resulting from its employee's negligence. In the Court's opinion, this decision was mandated by the applicable rule of state substantive law as well as procedural concerns about potential prejudice to the Defendant employer. Under the majority rule followed in most jurisdictions, direct liability claims against an employer merge with the vicarious liability claim when the employer has admitted an agency relationship, and are therefore properly dismissed. *See, e.g,. Cole v. Alton,* 567 F.Supp. 1084, 1086 (N.D.Miss.1983); *Willis v. Hill,* 116 Ga.App. 848, 159 S.E.2d 145, 153–54 (1967); *Neff v. Davenport Packing Co.,* 131 Ill.App.2d 791, 268 N.E.2d 574, 575 (1971). When this rule of substantive law is followed, the driving history evidence is, in most cases, ren-

---

4. During oral argument on this motion, the Court invited Plaintiff's counsel to make a proffer of the evidence Scroggins believed would entitle him to submit his claim for punitive damages to the jury. In reviewing the evidence, the Court gave Plaintiff the benefit of the doubt. For example, the Court viewed the proffered evidence in the light most favorable to Plaintiff, and drew all reasonable inferences in his favor. After giving Plaintiff's proffer the most liberal and favorable assessment possible, the Court determined the evidence fell woefully short of what Georgia courts have considered sufficient to warrant submission of a claim for punitive damages to a jury. *See* O.C.G.A. § 51–12–5.1 ("Punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or

that entire want of care which would raise the presumption of conscious indifference to consequences."); *Durben v. American Materials, Inc.,* 232 Ga.App. 750, 503 S.E.2d 618, 619 (1998) (holding "[n]egligence, even gross negligence" is insufficient as a matter of law to support triable claim for punitive damages).

5. Pursuant to *Fed.R.Civ.P.* 50(a), the Court granted Yellow Freight's Motion for Judgment as a Matter of Law on Plaintiff's claims for punitive damages at the close of Plaintiff's case. As a result, under the rule enunciated by the Georgia Court of Appeals in *Bartja* and *Durben,* the negligent retention and entrustment claims merged with the *respondeat superior* claim, mooting the issue of whether a bifurcated trial should be ordered as to the direct liability claims.

dered irrelevant and inadmissible pursuant to *Fed.R.Evid.* 401 and 404(b).

In those cases where the direct liability claims survive even though the employer has admitted *respondeat superior,* policy considerations regarding potential prejudice favor excluding prior act evidence and exercising the Court's discretion under *Fed.R.Civ.P.* 42(b) by trying the direct liability claims separately. In addition to avoiding the prejudicial effect of the prior act evidence generally needed to prove the direct liability claims, trying the direct liability claims separately from the vicarious liability claims would also help to clarify legal issues for the jury. Concerns about judicial economy will not normally outweigh the benefits of separate trials in these circumstances.

This procedure will, in the usual case, only result in a second trial when: 1) the jury finds the defendant liable on the *respondeat superior* claim, and 2) the plaintiff can present evidence that, if believed, would allow a reasonable juror to conclude punitive damages are warranted on the direct liability claims.[6] For example, in Georgia, punitive damages must be proved by a higher evidentiary standard and require something more than negligent conduct. *See, e.g.,* O.C.G.A. § 51–12–5.1 ("Punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences."). Consequently, a defendant's liability on the direct negligence claims will be duplicative of its liability on the *respondeat superior* claims in all but the most extraordinary cases, obviating the need for a second trial in most instances. Therefore, in those cases where the employer has admitted the requisite agency relationship necessary to establish *respondeat superior* liability both Georgia substantive law as well as

federal procedural and policy concerns favor excluding prior act evidence, and, if necessary, trying the direct liability claims separately.

An Order has entered previously.

---

6. *See* discussion of Georgia law, Part IV, *supra.*