[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 7, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15637

_____

D.C. Docket No. 05-00672 CV-J-25-TEM

CSX TRANSPORTATION, INC.,

Plaintiff-Appellant,

versus

UNITED TRANSPORTATION UNION,
RUFUS MCINTYRE, General Chairman,
United Transportation Union, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 7, 2007)

Before ANDERSON, MARCUS and COX, Circuit Judges.

PER CURIAM:

CSX Transportation, Inc. ("CSX") appeals following the district court's grant of summary judgment in favor of the Defendants United Transportation Union and Rufus McIntyre, the Union's General Chairman. CSX presents three arguments on this appeal: (1) the district court erred in granting summary judgment to the Defendants; (2) the district court erred in granting summary judgment while discovery motions were still pending; and (3) the district court erred in denying CSX's motion for leave to amend the complaint. After oral argument and careful consideration, we conclude that none of these arguments warrants reversal.

The district court's decision that no substantial evidence supports CSX's claim that a work stoppage or slowdown occurred presents a close question. That decision need not detain us, however, because we conclude that the district court properly determined that there was no genuine issue of material fact as to the Defendants' involvement in any work stoppage or slowdown and that no substantial evidence supported the claim that the Defendants were involved in any work stoppage or slowdown.

We reject CSX's argument that the district court abused its discretion in ruling on the summary judgment motion while discovery motions were pending because CSX explicitly asked the court to proceed to rule on the summary judgment motion.

And, we find no abuse of discretion in the denial of CSX's motion for leave to amend the complaint because the district court properly determined that the amendment would be futile given the lack of evidence that Defendants were involved in illegal job action.

AFFIRMED.[1]

---

[1]The complaint names as defendants "John & Jane Doe, UTU Represented CSXT Employees Nos. 1 through 100." This is no impediment to the closing of this case because the Federal Rules do not authorize suit against fictitious parties. *See New v. Sports and Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997); *Wiggins v. Risk Enter. Mgmt. Ltd.*, 14 F. Supp. 2d 1279, 1279 n.1 (M.D. Ala. 1998).