Val **BENNETT** and Olga **Bennett, Plaintiffs**

v.

**McGRIFF TRANSPORTATION, INC. and Lincoln General Insurance Company, Defendants.**

**Civil Action File No. 1:08–CV–03573–HTW.**

United States District Court, N.D. Georgia, Atlanta Division.

Jan. 12, 2012.

Paul R. Ayerbe, Ayerbe & Cowart, Macon, GA, for Plaintiffs.

Christopher N. Shuman, Andrew Michael Capobianco, John Lowell McKinley, Jr., Mozley, Finlayson & Loggins LLP, Atlanta, GA, for Defendants.

## ORDER

HORACE T. WARD, Senior District Judge.

The above matter is before the court on plaintiffs' motion to amend the complaint.

The parties have filed briefs and a hearing was held on said motion.

## FACTUAL BACKGROUND

This matter arises out of an August 2, 2006 automobile accident between the parties. The facts of the accident are generally disputed, though the parties agree that the rear of the plaintiffs' vehicle was hit by the front of a tractor-trailer operated by the Earl Gribble, an employee of defendant McGriff Transportation, Inc.

On October 22, 2009, eight days before the discovery period expired, the plaintiffs filed their motion to amend their complaint and supporting brief, seeking to add a claim for punitive damages. The plaintiffs contend that punitive damages are authorized because Mr. Gribble was operating a vehicle in violation of the hours of service regulations found in 49 C.F.R. § 395 *et seq.* The plaintiffs contend that punitive damages are authorized against McGriff Transportation under a negligent supervision or entrustment theory. Plaintiffs contend this is so because of the failure by McGriff Transportation to ensure that Mr. Gribble adhered to the hours of service requirements.

Defendants opposed the motion, arguing that the proposed amendment is futile and untimely. The defendants contend that the Motion is futile because there is no evidence that the subject accident resulted from "a pattern or policy of dangerous driving" and there is no evidence that Mr. Gribble was fatigued or that his level of fatigue caused the accident. Defendants also contend that a negligent supervision or entrustment claim would also be futile because there is no evidence that McGriff Transportation knew or should have known that Mr. Gibble had that tendency to drive while fatigued.

The evidence the plaintiffs contend supports the proposed amendment comes from their expert, Walter Lumpkin, who testified that Mr. Gribble was in violation of the hours of service regulations at the time of the accident. While Mr. Lumpkin was not present at the scene of the accident and has never examined Mr. Gribble, he also opined that Mr. Gribble was fatigued at the time of the accident.

## THE RULE 15 STANDARD

 Applicable law states that since Rule 15(a) is liberally construed, leave to amend a pleading should be freely granted when justice so requires. *Go Med. Indus. Pty, Ltd. v. C.R. Bard,* No. 1:93–cv–1538–HTW, 1995 WL 605802, *3–4, 1995 U.S. Dist. LEXIS 22248, *14 (N.D.Ga. July 5, 1995). "Nevertheless, leave to amend is not a matter of right, and in deciding whether to grant leave to amend, the court should consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, the prejudice which would result to the non-movant, and the futility of the amendment." *Id.* at *4, 1995 U.S. Dist. LEXIS 22248, at *15; *see also Schowalter v. Ridge,* No. 1:08–cv–0264–JOF, 2009 WL 812279, *9–10, 2009 U.S. Dist. LEXIS 26165, *29 (N.D.Ga. March 27, 2009). A proposed amendment to a complaint is futile where there is a lack of evidence establishing an essential element of the claim. *See CSX Transp., Inc. v. United Transp. Union,* 236 Fed.Appx. 562, 563 (11th Cir.2007).

## DISCUSSION AND CONCLUSIONS OF LAW

 Punitive damages in an automobile accident case are available "where the collision resulted from a pattern or policy of dangerous driving." *Carter v. Spells,* 229 Ga.App. 441, 442, 494 S.E.2d 279, 281 (1997). Furthermore, the conduct of the defendant in operating his vehicle must be egregious. *Frey v. Gainey Transp. Serv.,*

*Inc.,* No. 05–1493, 2006 WL 3734157, *3, 2006 U.S. Dist. LEXIS 90639, *7 (N.D.Ga. December 14, 2006); *Highsmith v. Tractor Trailer Serv.,* No. 04–164, 2005 WL 6032882, *9, 2005 U.S. Dist. LEXIS 46156, *31 (N.D.Ga. November 21, 2005). *See also Bradford v. Xerox Corp.,* 216 Ga.App. 83, 453 S.E.2d 98 (1994); *Coker v. Culter,* 208 Ga.App. 651, 431 S.E.2d 443 (1993); *Cullen v. Novak,* 201 Ga.App. 459, 460, 411 S.E.2d 331 (1991). The evidence relevant to an award of punitive damages relates to the alleged proximate cause of the collision. *Highsmith,* 2005 WL 6032882 at *10, 2005 U.S. Dist. LEXIS 461569 at *35.

■ To support an award of punitive damages based on hours of service violations by a commercial motor vehicle driver, those violations must be connected with evidence to driver fatigue and the fatigue must be connected with evidence to the cause of the accident. *Frey,* 2006 WL 3734157, at *3–4, 2006 U.S. Dist. LEXIS 90639, at *8–11. In *Frey,* the Court held that a plaintiff is not entitled to an inference that a driver was fatigued merely by showing that a violation of the hours of service regulations occurred. *Id.* at *4, 2006 U.S. Dist. LEXIS 90639 at *10.

■ The discovery period has ended and the plaintiffs have failed to come forward with any evidence that Mr. Gribble has displayed a pattern or policy of dangerous driving, or that he has a tendency to drive while fatigued. The only evidence which supports the proposed amendment is the opinion testimony of plaintiffs' expert, Mr. Lumpkin, who did not respond to the scene of the accident or examine Mr. Gribble. His opinion is based solely on the alleged hours of service violation by Mr. Gribble and Mr. Gribble's testimony that he was looking to his right at the time the accident occurred. Even assuming that this analysis would withstand scrutiny under *Daubert,* his testimony stops well short of asserting that Mr. Gribble has displayed a pattern or policy of driving while fatigued or that he knowingly operated his vehicle while impaired by fatigue. Also, it does not appear that his testimony provides any evidence that Mr. Gribble's conduct displays the level of culpability which would raise the "presumption of conscious indifference to the consequences" necessary for a claim for punitive damages. O.C.G.A. § 51–12–5.1; *see e.g. Coker,* 208 Ga.App. at 652, 431 S.E.2d 443.

At most, Mr. Lumpkin's testimony might support an argument that Mr. Gribble violated hours of service regulations on the day of the accident and at some point in his past, but this evidence will not give rise to an inference that Mr. Gribble was driving dangerously on those occasions. *Frey,* 2006 WL 3734157, at *4, 2006 U.S. Dist. LEXIS 90639, at *10. Since the plaintiffs have failed to produce any other evidence in support of their vicarious liability based punitive damages claim, the proposed punitive damages claim based on a vicarious liability theory is futile and the plaintiffs' motion to amend their complaint to add this claim will be denied. *See CSX Transp., Inc.,* 236 Fed.Appx. at 563.

■ Additionally, the plaintiffs have not come forward with any evidence which could support a punitive damages claim based on a negligent entrustment or supervision theory. Even if the court finds that Mr. Gribble had a tendency to drive while fatigued, there is no evidence that McGriff Transportation knew or should have known of such tendency. Mr. Lumpkin's testimony merely establishes that McGriff Transportation took inadequate measures to monitor Mr. Gribble, which is insufficient to support a claim for punitive damages under a negligent entrustment or supervision theory. *Bartja v. Nat'l Union Fire Ins. Co. of Pittsburgh PA.,* 218 Ga. App. 815, 819, 463 S.E.2d 358, 362 (1995)

(holding that the punitive damages claim for negligent entrustment or supervision where the accident resulted from driver fatigue required evidence that the employer knew or should have known of the driver's tendency to fall asleep at the wheel).

The plaintiffs' failure to come forward with any evidence that Mr. Gribble had a tendency to drive while fatigued and that McGriff Transportation knew or should have known of any such tendency renders the proposed amendment seeking punitive damages on a negligent supervision or entrustment theory futile.

Since the court has determined that the motion to amend will be denied for futility, it is unnecessary to consider whether the motion was untimely. The court notes that the parties conducted discovery for nearly a year before the plaintiffs' sought to amend the complaint eight days before the extended discovery period ended. Also, plaintiffs took the deposition of Mr. Gribble on August 31, 2009, which they contend informed them of the proposed punitive damages claim. However, the court does not find the motion to amend was untimely.

## CONCLUSION

In view of the foregoing, the court finds that the evidence produced in this case would not authorize an award of punitive damages under either a vicarious liability theory or a negligent entrustment or supervision theory. Accordingly, plaintiffs' motion to amend their complaint is hereby DENIED. Further, the motion to strike amended complaint is DENIED as MOOT. Also, motion for leave to file a sur-reply is DENIED.

1. This order terminates docket entries 42, 51, and 65.

SO ORDERED, this 12th day of January, 2012.[1]