IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

KEVIN FORD, and        :
BRENDA FORD,        :
    Plaintiffs,        :
       :
v.        :       C.A. No. S16C-08-013 RFS
       :
MITCHELL BROOKSHAW TAYLOR,    :
    Defendant.        :

## **MEMORANDUM OPINION**

Upon Defendant's Motion for Partial Summary Judgment. Denied.

Date Submitted: October 8, 2018
Date Decided: November 15, 2018

Stephen A. Hampton, Esq. and Anthony V. Panicola, Esq., Grady and Hampton, LLC, 6 North Bradford Street, Dover Delaware 19904, Attorneys for Plaintiff

Theodore J. Segletes, III, Esq., Law Offices of Chrissinger & Baumberger, 3 Mill Road, Suite 301, Wilmington, Delaware 19806, Attorney for Defendant

STOKES, R. J.

## I.    INTRODUCTION

This matter is presently before the Court on the motion of the Defendant, Mitchell Brookshaw Taylor ("Defendant"), for partial summary judgment on the issue of punitive damages against the Plaintiffs Kevin Ford and Brenda Ford ("Plaintiffs"). The Plaintiffs oppose the Motion. For the foregoing reasons, Defendant's Motion for Partial Summary Judgment on Punitive Damages is DENIED.

## II.    FACTS

This motion for summary judgment arises out of a motor vehicle accident involving Defendant and Plaintiffs that occurred on July 19, 2015. Prior to the accident Defendant had finished an approximately 10-hour shift as manager of a shop on the Rehoboth boardwalk at 11:30 p.m. Defendant ate during his shift at 8:00 p.m. After the restaurant closed Defendant remained at the restaurant in order to clean and prepare for the following day until 1:00 a.m., which was typical of his duties as manager. At this time Defendant left his place of work and began to drive north on SR-1 towards Milford to visit friends.

Plaintiffs were stopped at a red light at the intersection of US-9 and SR-1. Plaintiffs were in the first vehicle stopped at the traffic signal and proceeded into the intersection as soon as the signal turned from red to green. Plaintiffs observed at least one vehicle stopped at the red traffic signal in the direction Defendant was traveling.[1] While Plaintiffs were stopped at the intersection, Defendant was traveling on SR-1 at an estimated speed of 50-55 miles per hour in a pickup truck. The posted speed limit was 45 miles per hour. Defendant then received a telephone call from his father, which he answered. Some distance before the intersection, and after answering the telephone call from his father, Defendant observed that the traffic signal was

---

[1] Defendants Motion for Partial Summary Judgment, Exhibit A, at 21 (Boyd Dep. Excerpts).

green. Defendant claims that the phone was on speakerphone and placed in a cup holder during the conversation, while Plaintiffs contend that the phone was likely held in Defendant's hand. As Defendant approached the intersection he claims that the last time he looked at the traffic light was "about a minute before" the collision occurred.[2] Defendant did not see the light turn yellow and then red. Defendant then drove through a red traffic signal and a collision occurred with Plaintiffs' vehicle. Defendant admits that he was negligent and careless in the operation of his motor vehicle because he was distracted while talking on his cellphone. Both Plaintiffs and Defendant's cars were totaled in the collision.

### III. PARTIES' CONTENTIONS

Plaintiffs contend that a jury could find that Defendant was: (1) holding his cellphone at the time of the collision; (2) distracted by his phone conversation with his father; (3) completely unaware of anyone else or anything on the road; (4) impaired for driving because he was tired and hungry; and (5) for one minute or more, he did not bother paying attention to the traffic on the road around him, the traffic light ahead of him, or the speed of his vehicle. Plaintiffs assert that the arguments mentioned above, coupled with the facts that Defendant had not eaten since 8:00 p.m. and had worked a 10-hour shift, are sufficient to establish that the Defendant demonstrated a "conscious indifference" or "I don't care" attitude, which would warrant an award of punitive damages.

Plaintiffs argue that the present case is analogous to the case *Howell v. Kusters*.[3] In *Howell*, the Superior Court granted a motion to amend plaintiff's complaint to add a punitive damages claim where a defendant ran a red light, was talking on a cell phone, never applied the brakes,

---

[2] Plaintiff' Response to Defendant's Motion for Partial Summary Judgment, Exhibit A, at 58 (Taylor Dep. Excerpts).
[3] *Howell v. Kusters*, 2010 WL 877510 (Del. Super. Ct. 2010)("*Howell*").

2

and was traveling 20 miles an hour over the speed limit. Plaintiffs allege that Defendant was talking on a cellphone, never applied his brakes, and was talking on a cellphone similarly to the plaintiff in *Howell*.[4] Additionally, Plaintiffs argue that the facts of this case are similar to a Delaware Supreme Court decision, *Porter v. Turner*.[5] Plaintiffs contend that because Defendant testified, "I don't recall the light between noticing it was green from about a minute away from the collision", this case is similar to *Porter*. In *Porter*, the Court upheld a decision that a jury could assess punitive damages when a plaintiff faced a red traffic signal for 8 seconds or longer and accelerated through the intersection causing a collision.[6]

Defendant, on the other hand, contends that he was negligent and careless in talking on his phone while operating a motor vehicle. Defendant refutes, however, that there is any evidence he acted intentionally, or wantonly, or he willfully disregarded the rights of the plaintiffs. He also contends that his actions did not reflect an "I don't care attitude". Defendant believes that his conduct was nothing more than a simple mistake or an error of judgment. Defendant's primary argument is that punitive damages will only be awarded in automobile personal injury cases where there is a showing of truly outrageous and extreme conduct.

Defendant distinguishes this case from the *Porter* case because Plaintiffs immediately entered the intersection once the signal changed. Defendant also alleges that the last he remembered the traffic light, it was green, and only turned red long enough for a single car (Plaintiffs' vehicle) to enter the intersection before the collision. On the other hand, in *Porter*, facts presented demonstrated that the plaintiff faced a red light for 8 seconds or more, nevertheless decided to accelerate through the intersection, and crashed into the second vehicle

---

[4] *Id.*
[5] *Porter v. Turner*, 954 A. 2d 308 (Del. 2008)("*Porter*").
[6] *Id.*

3

that entered the intersection.[7] Furthermore, Defendant contends, the mere act of using a cell phone while driving is not determinative of punitive damages.

## IV.    STANDARD OF REVIEW

### A. Summary Judgment Standard

The Court may grant summary judgment if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law."[8] The moving party bears the initial burden of showing no material issues of fact are present.[9] If the moving party properly supports their motion, the burden then shifts to the non-moving party to rebut the contention that no material issues of fact exist.[10] In considering a motion for summary judgment, the Court must review the record in a light most favorable to the non-moving party.[11] The Delaware Supreme Court illustrates the parameters of granting summary judgment as follows:

> Under no circumstances, however, will summary judgment be granted when, from the evidence produced there is a reasonable indication that a material fact is in dispute. Nor will summary judgment be granted if, upon examination of all the facts, it seems desirable to inquire thoroughly into them in order to clarify the application of the law to the circumstances.[12]

## V.    ANALYSIS

### A. Punitive Damages

The fundamental purpose of punitive damages is to punish outrageous conduct and to deter such conduct in the future.[13] It is distinct from a compensatory damages award that is designed

---

[7] *Id.* at 312.
[8] *Moore v. Sizemore*, 405 A. 2d 679, 680 (Del. 1979).
[9] *Id.* at 681.
[10] *Merrill v. Crothall-American, Inc.*, 606 A. 2d 96, 99 (Del. 1992).
[11] *Ebersole v. Lowengrub*, 180 A. 2d 467, 470 (Del. 1962).
[12] *Id.* at 468.
[13] *Craig v. A.A.R. Really Corp.*, 576 A. 2d 688, 697 (Del. Super. Ct. 1989).

4

to fully compensate the plaintiff.[14]  In order for an award of punitive damages to be appropriate the Plaintiffs must establish that the Defendant exhibited a willful or wanton disregard for the safety of others.[15]  "For a defendant's conduct to be found willful or wanton, the conduct must reflect a 'conscious indifference' or 'I don't care' attitude."[16]  Only after a determination that the defendant's conduct was outrageous because of an "evil motive" or a "reckless indifference to the rights of others" will an award of punitive damages be justified.[17]  "Mere inadvertence, mistake or errors of judgment which constitute mere negligence will not suffice."[18]

In viewing the facts in the light most favorable to Plaintiffs, it is clear that a question of fact exists where a jury could find that the Defendant acted with an "I don't care attitude" or with conduct reflecting a "conscious indifference".  "Failing to see a red light without more does not establish willful and wanton conduct to justify a punitive damages award."[19]  But, the undisputed facts clearly show that the last time Defendant saw the light was "about a minute before" he drove through the intersection.  Defendant, while talking on the telephone and driving up to 10 miles per hour over the speed limit did not observe that the traffic signal had changed from green to yellow to red, and drove through an intersection where he crashed into Plaintiffs' vehicle causing injuries.  These facts are similar to the facts in *Howell v. Kusters*.[20]

A jury could properly assess that the facts as plead in this case elevate the culpability of Defendant's conduct from carelessness to the level of "conscious indifference" or exhibit an "I don't care" attitude.  The Supreme Court of this state has referenced a string of cases that demonstrate mere carelessness, which results in driving through a red light, does not rise to the

---

[14] *Jardel v. Hughes*, 523 A. 2d 518, 528 (Del. 1987).
[15] *Porter*, 954 A. 2d at 312.
[16] *Id.* (quoting *Cloroben Chem. Corp. v. Comegys*, 464 A. 2d 887, 891 (Del. 1983) (citations omitted).
[17] Restatement (Second) of Torts § 908 (1965).
[18] *Jardel*, 523 A. 2d at 529.
[19] *Estate of Rae v. Murphy*, 956 A. 2d 1266, 1270 (Del. 2008) (citations omitted).
[20] *Howell*, 2010 WL 877510 at *2.

5

level of conduct necessary for punitive damages.[21] But, a jury could properly find that Defendant's actions exceeded mere carelessness, because in addition to running a red traffic signal, Defendant answered his cellphone, drove up to 10 miles per hour over the speed limit, disregarded a traffic signal for "about a minute", and caused an accident. Based on the above facts, a jury could properly find the Defendant's actions to be consistent with reckless or willful and wanton conduct, and not just mere carelessness.

## VI. CONCLUSION

Considering the foregoing, Defendant's Motion for Partial Summary Judgment on Punitive Damages is **DENIED**.

**IT IS SO ORDERED.**

---

[21] *See id.* at 1266 (upholding a ruling of summary judgment on punitive damages where a defendant was driving 5 miles per hour over the speed limit on a familiar road and imprudently diverted his attention in order to alert police about a dangerous situation)(citing *Westray v. Wright*, 834 N.E. 2d 173, 181 (Ind. Ct. App. 2005) (reversing a jury award of punitive damages because the defendant truck driver's conduct, looking away for 10 seconds while approaching the intersection and not noticing a red light, did not support a jury award of punitive damages); *Austin v. Disney Tire Co.*, 815 F. Supp. 285, 289 (S.D. Ind. 1993) (affirming a grant of summary judgment because the defendant's conduct, a truck driver looking down while approaching an intersection and failing to stop at a red light, did not rise to the level of culpable conduct to support punitive damages); *Cullen v. Novak*, 201 Ga. App. 459, 411 S.E. 2d 331, 332 (1991) (reversing a jury award of punitive damages because the conduct at issue, negligently running a red light did not support an award of punitive damages).